FILED
JUN - 6 2006
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

MICHAEL KAWA, ESQ. )
)
Plaintiff )
)
v. )
)
THE UNITED STATES OF AMERICA )
)
Defendant )

06-448 C
Case No.

## COMPLAINT

Plaintiff Michael J. Kawa, Esq. files this Complaint for breach of contract against the United States of America. Acting through the Defense Logistics Agency, Defense Supply Center Columbus ("DSCC").

### Parties and Jurisdiction

1. Michael J. Kawa, Esq. was not only the payee but also the escrow agent and assignee of all monies owed to JGB Enterprises, Inc. by Capital City Pipes, Inc. under Contract SP0750-00-M-4191 ("Contract 4191"). Michael Kawa, Esq. is located at 300 Crown Building, 304 South Franklin Street, Syracuse, New York 13202. JGB Enterprises, Inc. ("JGB"), located in Liverpool, New York, is in the business of manufacturing hose assemblies and other products for military and commercial uses.

2. The Defense Supply Center Columbus ("DSCC"), which is part of the Defense Logistics Agency ("DLA"), procures a wide range of supplies for the United States military, including hose assemblies for military vehicles.

3. This Court has subject matter jurisdiction over this matter pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. and the Tucker Act, 28 U.S.C. § 1491(a) (1).

**Notice of Related Cases/Claims**

4. Plaintiff JGB respectfully notifies this Court that JGB initially filed suit in the Federal Court of Claims for payment under two government contracts for goods furnished to the government as a subcontractor under Contract 4191, as well as another contract (SP0750-99-C-2508). While JGB was granted relief as a third-party beneficiary under Contract SP0750-99-C-2508, the Court held that JGB was not a third-party beneficiary under 4191. *See, JGB Enterprises, Inc. v. U.S.*, 63 Fed.Cl. 319 (2004). An appeal is pending.

**Factual Background**

5. Capital City Pipes, Inc. ("Capital City") was, at all times relevant to this claim, a business located in Tallahassee, Florida that was certified by the United States Small Business Administration ("SBA") under the 8(a) program. Beginning in 1998, DSCC "set aside" its requirements for hose assemblies, previously supplied by JGB, for Capital City under the 8(a) Program. During 1999, Capital City received several sole-source contracts and purchase orders from DSCC to supply hose assemblies manufactured and delivered directly to the Government by JGB.

6. In response to complaints by JGB about non-payment by Capital City, the Government suggested that JGB enter into an escrow agreement with Capital City, whereby an escrow agent would be appointed to receive the funds directly from the Government and distribute them to JGB and Capital City. The Government contacted Capital City's President, Lee Gilliam, and discussed the possibility of using an escrow agreement with JGB to provide it with the assurance it was looking for. This agreement

would require the Government to change the remittance address in the prime contracts to the escrow agent agreed upon by the prime and subcontractor.

7. On November 10, 1999, Capital City and JGB entered into an Escrow Agreement whereby JGB's local attorney, Michael Kawa, Esq. was appointed as an escrow agent for receipt of payments under all DSCC-Capital City contracts under which JGB was the subcontractor and Michael Kawa, Esq. would pay JGB the amounts due. Under the Escrow Agreement, Capital City agreed to execute the necessary documents to ensure that all payments under the remaining Capital City prime contracts would go directly to Michael Kawa, Esq. who would then distribute the appropriate amounts to JGB. It was JGB's intention not to ship any product to the government unless it was paid.

8. In accordance with the Escrow Agreement, Capital City sent a letter dated November 10, 1999 to the Contracting Officer pursuant to an offer it had pending under DSCC Solicitation No. SP075099Q5778 which would eventually become Contract 4191 requesting that the payee be as follows:

**Michael Kawa, Esq.**
**300 Crown Bldg.**
**304 S. Franklin Street**
**Syracuse, NY 13202**

As stated above, JGB would not ship any product to the government as a subcontractor unless any new contacts awarded to Capital City specifically made Michael Kawa, Esq. the payee.

9. On November 15, 1999, Capital City again wrote to the Contracting Officer and repeated its request that the payment address be changed to Michael Kawa, Esq. in Syracuse, New York.

10. As a result of Solicitation No. SP075099Q5778, DSCC ultimately awarded Contract 4191 on November 24, 1999 to Capital City. Contract 4191 was in the amount of $45,275.76 for 306 hose assemblies, and was signed by the Contracting Officer on November 19, 1999. The Contracting Officer complied with Capital City's requests of November 10 and 15, 1999 and typed Kawa's name and address under the heading of "REMIT PAYMENT TO:" on Contract 4191. The language in the contract is very clear:

**REMIT PAYMENT TO:**

> **MICHAEL KAWA, ESQ.**
> **300 CROWN BLDG**
> **304 S. FRANKLIN ST.**
> **SYRACUSE NY 13202** (emphasis added)

No modification was ever entered into by the government and Capital City to remove Michael Kawa, Esq. as the payee.

11. Contract 4191's Inspection and Packaging clauses identified JGB and DCMC Syracuse as the office administering the contract. It was apparent on the face of the Contract that JGB would be manufacturing the hose assemblies on the contract for Capital City.

12. On or about March of 2000, DSCC Contracting Officer Phyllis Moore sent an "ALERT" message to Capital City's ACO at DCMC Clearwater with an attached list of all contracts and purchase orders awarded to Capital City, including Contract 4191. Moore requested that the ACO "maintain surveillance" of these contracts/orders. Moore's March 24, 2000 ALERT message to the ACO concluded as follows:

> THIS SERVES AS AUTHORIZATION FOR THE ACO TO TAKE WHATEVER CONTRACTUAL ACTIONS NECESSARY TO KEEP THESE ORDERS VIABLE.

THE MATERIAL ON THESE CONTRACTS ARE [sic] URGENTLY NEEDED.

13. At the time of this ALERT message, the items required under Contract 4191 had already been shipped. However, the Government had not yet made payment for these shipments.

14. Based on the Contract citing Michael Kawa, Esq. as the payee, JGB shipped the items for Contract 4191 directly to the Defense Department Depot on February 8, 2000 and sent the required DD-250s directly to the government. The DD-250's are the requisite shipping and payment documents that have been authorized by the government.

15. Despite the foregoing, the Government did not send the Contract 4191 payments to Michael Kawa, Esq. as indicated on the face of the purchase order signed by the Contracting Officer, nor did the Government modify Contract 4191 changing the payee to Capital City. Rather, on April 24, 2000, without informing Michael Kawa, Esq. the Government without any justification directly paid, by EFT, the amounts due under the Contract to Capital City.

16. As a result of the Government's failure to pay, Michael Kawa, Esq. is still owed $45,275.76, plus interest, from the Government under Contract 4191.

17. Michael Kawa, Esq. filed a certified claim for payment with the Contracting Officer on November 18, 2005. On January 13, 2006 the Contracting Officer issued a final decision denying the claim. In that final decision, the Contracting Officer represents that Capital City requested that the remittance address be changed, but does not represent that a modification was issued changing the contract language. Plaintiff is also unaware of any such modification removing Michael Kawa, Esq. as the payee.

18. On February 17, 2006 Lavern Reising a former disbursing agent for the United States for the Defense Finance and Accounting Service and the United States Army prepared a sworn statement that in his opinion, since no modification was issued changing the "remit to" address, payment must be made to Mr. Kawa in accordance with the terms of the contract. (See exhibit 1)

**Count I-Contract Directs Payments to Kawa**

19. Plaintiff incorporates and re-alleges each of the above averments as if fully set forth herein.

20. Defendant issues a contract directing payments to Michael Kawa, Esq. Defendant did not issue a modification changing the payments to Michael Kawa, Esq. to Capital City or any other party.

21. Plaintiff relied on this payment in the course of his duties (Esq.) and as a result JGB shipped product to the Defendant

22. Defendant breached its obligations to Michael Kawa, Esq. by failing to pay for these deliveries.

**Count II-Assignment**

23. Plaintiff incorporates and re-alleges each of the above averments as if fully set forth herein.

24. That, Michael Kawa, Esq. entered into an escrow agreement with JGB and Capital City, whereby he was to receive all payments from the Government on Contract 4191.

25. Capital City directed the Contracting Officer to change the remittance address for its payments to Michael Kawa, Esq. at his Syracuse, New York office.

26. Under the circumstances, the Government clearly made a valid assignment of Capital City's payments to Michael Kawa, Esq.

27. As a result of the assignment the product was delivered, Defendant breached its obligations to Plaintiff by failing to pay Plaintiff for these deliveries

**Count III- Third Party Beneficiary**

28. Plaintiff incorporates and re-alleges each of the above averments as if fully set forth herein.

29. Shortly before the award of Contract 4191, Capital City twice requested that the remittance address in its proposal be changed to Michael Kawa, Esq. When PO 4191 was awarded on November 24, 1999, Michael Kawa's, Esq. name and address appeared in the remittance address, as requested. Capital City had not only asked for an address change, but also that the remittance address be changed to a new entity, i.e. Michael Kawa, Esq.

30. Capital City's name appears nowhere in the remittance clause of the Contract. Clearly, the Government and Capital City intended to benefit Michael Kawa Esq. by changing the remittance address on the Contract.

31. As a result of the assignment deliveries of hose assemblies were made to the Defendant.

32. Defendant breached its obligations to Plaintiff by failing to pay Plaintiff.

**Count IV- Implied in Fact Contract**

33. Plaintiff incorporates and re-alleges each of the above averments as if fully set forth herein.

34. By changing the remittance address on Contract 4191 from Capital City to Michael Kawa, Esq. in accordance with the escrow agreement, the Contracting Officer clearly intended to enter into an agreement with Michael Kawa, Esq. when it specifically cited Michael Kawa, Esq. as the payee.

35. In exchange for the change in remittance address, the Contracting Officer was able to secure the continued shipment of parts urgently needed by the Government.

36. The Government breached the implied-in-fact contract when it failed to make payments to Michael Kawa, Esq. under the Contract. As a result, Michael Kawa, Esq. has been damaged and is entitled to compensation form the Government.

**Count V-Attorneys Fees and Cost**

37. Plaintiff incorporates and re-alleges each of the above averments as if fully set forth herein.

38. Plaintiff incorporates and re-alleges each of the above averments as if fully set forth herein.

39. Plaintiff qualifies as a 'party" within the meaning of the Equal Access to Justice Act 28 U.S.C. § 2412(d)(2)(B).

40. Defendant's position in this matter is not substantially justified.

41. Accordingly, Plaintiff is entitled to its costs and attorney fees incurred in the pursuit of this matter.

**WHEREFORE,** Plaintiff request that the Court enter judgment against the Defendant in the amount of $45,275.76, plus interest and attorney fees and cost of bringing this action, or such other and further relief as the Court deems just and proper. Plaintiff further states that JGB is owed $43, 987.50 plus applicable interest, attorney fees

and cost. The remaining amount of $1,288.26, plus interest will be remitted to Capital City by care of the bankruptcy trustee or bankruptcy court.

Respectfully submitted,

Joseph A. Camardo, Jr.
127 Genesee St.
Auburn, New York 13021
(315)-252-3846

Dated: June 2, 2006