**06-448C**
**(Judge George W. Miller)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**MICHAEL KAWA, ESQ.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

**DEFENDANT'S MOTION TO DISMISS**
**AND APPENDIX**

---

**PETER D. KEISLER**
**Assistant Attorney General**

**DAVID M. COHEN**
**Director**

**FRANKLIN E. WHITE, JR.**
**Assistant Director**

**NANCY M. KIM**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**U.S. Department of Justice**
**1100 L Street, N.W.**
**Attn: Classification Unit, 8th Floor**
**Washington, DC 20530**
**(202) 353-0546**

**August 18, 2006** **Attorneys for Defendant**

## TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . iii

INDEX TO APPENDIX . . . . . vii

MOTION TO DISMISS . . . . . 1

STATEMENT OF THE ISSUES . . . . . 1

STATEMENT OF THE CASE . . . . . 2

I. Nature Of The Case . . . . . 2

II. Statement Of Facts . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . 6

ARGUMENT . . . . . 7

I. Standard Of Review . . . . . 7

A. Motion To Dismiss For Lack Of Subject Matter Jurisdiction . . . . . 7

B. Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted . . . . . 8

II. This Court Does Not Possess Jurisdiction To Entertain Mr. Kawa's Claim Pursuant To The Contract Disputes Act Because He Is Not A "Contractor" . . . . . 8

III. This Court Does Not Possess Jurisdiction To Entertain Mr. Kawa's Claim Pursuant To The Tucker Act . . . . . 9

A. No Privity Of Contract Between Mr. Kawa And The Government . . . . . 10

B. Mr. Kawa Is Not A Third-Party Beneficiary . . . . . 12

C. There Was No Valid Assignment To Mr. Kawa . . . . . 14

IV. Mr. Kawa Is Not The Real Party In Interest . . . . . 16

V. Mr. Kawa Is Precluded From Bringing His Claim Pursuant To The Doctrine Of Res Judicata . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## TABLE OF AUTHORITIES

### CASES

Aerojet-General Corp. v. Askew,
511 F.2d 710 (5th Cir. 1975) . . . . . . . . . . 18

Alaska v. United States,
32 Fed. Cl. 689 (1995) . . . . . . . . . . 7

Am. Forest Res. Council v. Shea,
172 F. Supp. 2d 24 (D. D.C. 2001) . . . . . . . . . . 18

Bailey v. United States,
54 Fed. Cl. 459 (Fed. Cl. 2002) . . . . . . . . . . 6, 17

Baltimore & Ohio Railroad Co. v. United States,
261 U.S. 592 (1923) . . . . . . . . . . 10

Banco Vilbao Vizcaya-Puerto v. United States,
48 Fed. Cl. 29 (2000) . . . . . . . . . . 16

B & F Trawlers, Inc. v. United States,
27 Fed. Cl. 299, 302 (1992) . . . . . . . . . . 8

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . 7

Catellus Development Corp. v. United States,
31 Fed. Cl. 399 (1994) . . . . . . . . . . 7

City of Cincinnati v. United States,
153 F.3d 1375 (Fed. Cir. 1998) . . . . . . . . . . 11

City of El Centro v. United States,
922 F.2d 816 (Fed. Cir. 1990) . . . . . . . . . . 11

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . 8

Cromwell v. County of Sac,
94 U.S. 351 (1877) . . . . . . . . . . 18

D&H Distrib. Co. v. United States,
102 F.3d 542 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Dynalectron Corp. v. United States,
4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hamlet v. United States,
63 F.3d 1097 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Hemphill Contracting Co. v. United States,
34 Fed. Cl. 82 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Henke v. United States,
60 F.3d 795 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Indium Corp. of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

JET, Inc. v. Sewage Aeration Sys.,
223 F.3d 1360 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

JGB Enterprises Inc. v. United States,
63 Fed. Cl. 319 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

James v. Caldera,
159 F.3d 573 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kinne v. United States,
21 Cl. Ct. 104, 107 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Maffia v. United States,
143 Ct. Cl. 198, 163 F. Supp. 859 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Marshall v. United States,
21 Cl. Ct. 497, 499 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

McNutt v. General Motors Acceptance Corp. of Indiana,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Montana v. United States,
124 F.3d 1269 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Mother's Restaurant, Inc. v. Mama's Pizza, Inc.,
723 F.2d 1566 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

NAACP v. Hunt,
891 F.2d 1555 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Papasan v. Allain,
478 U.S. 265 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Parklane Hosiery Co. v. Shore,
439 U.S. 322 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Riviera Finance of Texas, Inc. v. United States,
58 Fed. Cl. 528 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Rochman v. United States,
27 Fed. Cl. 162 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tuftco Corp. v. United States,
222 Ct. Cl. 277, 614 F.2d 740 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tyus v. Schoemehl,
93 F.3d 449 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

United States v. ITT Rayonier, Inc.,
627 F.2d 996 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Newport News Shipbuilding & Dry Dock Co.,
933 F.2d 996 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Wall Indus. Inc. v. United States,
15 Ct. Cl. 796, 803 (1988), aff'd, 883 F.2d 1027 (Fed. Cir. 1989) . . . . . . . . . . . . . . . . . . 16

Wrona v. United States,
40 Fed. Cl. 784 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Young Engineers Inc. v. ITC,
721 F.2d 1305 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**STATUTES**

28 U.S.C. §1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 910

31 U.S.C. § 3727(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

41 U.S.C. §§ 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

41 U.S.C. § 601 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

**MISCELLANEOUS**

2A Jeremy C. Moore, et al., Moore's Federal Practice, ¶ 12.07 [2.-5] (2d ed. 1992) . . . . . . . . . 8

**INDEX TO THE APPENDIX**


| Document | Page |
|---|---|
| Escrow Agreement dated November 10, 1999 | 1 |
| Letter from Capital City Pipes dated November 10, 1999 | 4 |
| Facsimile from Capital City Pipes dated November 15, 1999 | 5 |
| Purchase Order 4191 dated November 24, 1999 | 6 |
| Defendant's Exhibit 9 (DFARS) | 13 |
| Final Decision dated January 13, 2006 | 17 |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, ESQ., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) and (6) and Rule 17 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. In the alternative, the Court should dismiss the complaint for failure to state a claim upon which relief can be granted, and/or because plaintiff, Michael Kawa, Esq., is not the real party in interest. In support of this motion, we rely upon the complaint, this Court's decision in JGB Enterprises Inc. v. United States, 63 Fed. Cl. 319 (2004), the following brief, and the attached appendix.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUES

1. Whether the Court possesses subject matter jurisdiction to entertain a claim by Michael Kawa, Esq., against the United States for amounts allegedly owed JGB Enterprises, Inc. under Purchase Order 4191.

2. Whether Mr. Kawa is a real party in interest to the claim by JGB Enterprises, Inc. for monies allegedly owed it by the United States under Purchase Order 4191.

3. Whether the doctrine of res judicata bars Mr. Kawa from bringing a claim for the amounts allegedly owed JGB Enterprises, Inc. under Purchase Order 4191.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Michael Kawa, Esq., is an attorney for JGB Enterprises, Inc. ("JGB"). Compl. ¶ 7. Pursuant to an escrow agreement between prime contractor Capital City Pipes, Inc. ("Capital City") and subcontractor JGB, Mr. Kawa served as an escrow agent for receipt of payments due to Capital City for manufacture and delivery of hose assemblies pursuant to Purchase Order No. 4191 ("PO 4191") between the United States and Capital City. Compl. ¶ 7, App. at 2. In his complaint, Mr. Kawa seeks the amount of money that was owed to JGB by Capital City for work performed under PO 4191.

This case is related to JGB Enterprises, Inc. v. United States, 63 Fed. Cl. 319 (2004). In that case, among other things, JGB sought monies owed for work performed under PO 4191 directly against the United States. Following trial, the Court found that JGB was not a third-party beneficiary of PO 4191 because the pre-award CO for PO 4191, Lu Ann Bocsy, was not aware of Mr. Kawa's role as an escrow agent. 63 Fed. Cl. at 334-35. Accordingly, the Court entered judgment in favor of the Government upon JGB's PO 4191 claim.

### II. Statement Of Facts

In 1999, the Defense Supply Center Columbus ("DSCC"), which is part of the Defense Logistics Agency, issued several sole-source contracts and purchase orders to Capital City for hose assemblies. JGB Enterprises, 63 Fed. Cl. at 323. Capital City subcontracted the work to

JGB, who manufactured and delivered the hose assemblies to the Government. Id. By late October 1999, Capital City was indebted to JGB, and JGB became concerned that Capital City would not be able to satisfy its debts. Id. Small Business Specialist, Michael Taylor, suggested that an escrow agreement could resolve JGB's payment concerns. Compl. ¶ 6; JGB Enterprises, 63 Fed. Cl. at 324.

On November 10, 1999, JGB entered into an escrow agreement with Capital City. Compl. ¶ 7, App. at 1-3. Under this agreement, Capital City and JGB agreed to "take all steps and execute all documents as may be required to provide that future payments of money due to Capital City from DSCC . . . shall be payable to Michael E. Kawa, Esq., as the Escrow Agent . . ." App. at 2. Mr. Kawa was required to deposit the monies into an escrow account and distribute payment to Capital City and JGB only upon a joint statement signed by both Capital City and JGB. Id. The DSCC was not a party to the escrow agreement. Id.

On November 10, 1999, Capital City sent a letter to pre-award CO Bocsy that confirmed Capital City's prior offer to provide hose assemblies pursuant to Solicitation No. SPO750-99-Q-5578, and which requested that the payment remittance address be changed to:

Michael Kawa, Esq.
300 Crown Building
304 S. Franklin Street
Syracuse, NY 13202

JGB Enterprises, 63 Fed. Cl. 325; App. at 4. On November 15, 1999, Capital City again wrote Ms. Bocsy requesting that payment be sent to "Michael Kaka, Esq." [sic]. JGB Enterprises, 63 Fed. Cl. at 325; App. at 5. This Court found that neither of these letters gave any explanation for the requested change, did not inform Ms. Bocsy of the escrow agreement, and did not identify Mr. Kawa's relationship with JGB. JGB Enterprises, 63 Fed. Cl. at 325-26.

This Court found that Ms. Bocsy did not know that Mr. Kawa was an attorney for JGB or that he had been appointed as an escrow agent by Capital City and JGB. JGB Enterprises, 63 Fed. Cl. at 334. When Capital City requested that Ms. Bocsy change the remittance address, she assumed that Mr. Kawa was an employee of Capital City and did not ask why Capital City wanted the remittance address to be changed. JGB Enterprises, 63 Fed. Cl. at 326. The Court stated that: "Based on the limited information provided to CO Bocsy, there was no reason for her to know the motivation for the request or Mr. Kawa's relationship to JGB." JGB Enterprises, 63 Fed. Cl. at 334.

On November 24, 1999, the DSCC issued PO 4191 to Capital City in the amount of $45,275.76 for 306 hose assemblies. Compl. ¶ 10; App. at 6. PO 4191 was signed by pre-award CO Bocsy. Id. PO 4191 states:

REMIT PAYMENT TO:

Michael Kawa, Esq.
300 Crown Building
304 S. Franklin Street
Syracuse, NY 13202

PO 4191 also incorporated clauses by reference to a Master Solicitation. App. at 11. One such clause was FAR 52.232-33 (1999), "Payment By Electronic Funds Transfer – Central Contractor Registration." [hereinafter "CCR"] App. at 14. That clause provided that all payments by the Government would be made to the contractor by electronic fund transfer. Id. That clause further provided: "In the event that the EFT information changes, the Contractor shall be responsible for providing the updated information to the CCR database." Id.

On February 8, 2000, JGB shipped the hose assemblies for PO 4191 to Defense Department Depot. Compl. ¶ 14; JGB Enterprises, 63 Fed. Cl. at 326. On April 24, 2000, the Government paid for the hose assembles under PO 4191 by electronic fund transfer directly into Capital City bank's account. Compl. ¶ 15, JGB Enterprises, 63 Fed. Cl. at 32-37. Capital City did not pay JGB for the hose assemblies under PO 4191. Compl. ¶ 16; JGB Enterprises, 63 Fed. Cl. at 327.

On November 18, 2005, after the Court entered judgment in favor of the Government upon JGB's claim relating to PO 4191, but before the Court denied JGB's subsequent Rule 60(b) motion relating to PO 4191, Mr. Kawa submitted a certified claim for $43,987.50 to the CO. This represents part of the contract amount under PO 4191 that is allegedly due JGB. See Compl. Wherefore Clause. On January 13, 2006, Ms. Bocsy denied Mr. Kawa's claim. App. at 17. She stated in relevant part:

> You were neither an assignee of funds nor a third party beneficiary under this purchase order, and you did not have an implied-in-fact contract with the government. The government awarded the purchase order to Capital City Pipes. When Capital City Pipes asked me to change the remittance address, I did not know nor have any reason to know about your relationship to JGB. I did not intend to assign payments to you, to establish a third-party beneficiary relationship with you, or to contract with you.

Id.

On June 8, 2006, Mr. Kawa filed his complaint in this Court. He seeks money judgment for the same PO 4191 payment that JGB had unsuccessfully sought in this Court. Mr. Kawa alleges that this Court possesses jurisdiction to entertain his claim pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq., and the Tucker Act, 28 U.S.C. § 1491(a)(1). Compl. ¶ 3.

## SUMMARY OF ARGUMENT

Mr. Kawa is an attorney for JGB and was appointed as an escrow agent to receive payments under PO 4191 and to distribute those payments as directed by both JGB and Capital City. This Court does not possess subject matter jurisdiction to entertain his claim pursuant to the Contract Disputes Act, because he is not a "contractor" as defined by the CDA. Further, this Court does not possess jurisdiction to entertain his claim pursuant to the Tucker Act, because there was no privity of contract between Mr. Kawa and the Government, he was not a third-party beneficiary to PO 4191, and the Government did not recognize any assignment of rights or claims arising under PO 4191 to Mr. Kawa.

Moreover, Mr. Kawa is not the "real party in interest" of JGB's claim for amounts owed under PO 4191. RCFC 17(a) provides that every action shall be prosecuted in the name of the real party in interest. JGB is the real party in interest, because JGB performed the work under PO 4191 and is seeking monies for work performed under PO 4191. Under the escrow agreement, Mr. Kawa does not have an independent substantive right to recover the monies under PO 4191. Instead, he is merely an agent designated to transfer any monies received by Capital City to JGB. Indeed, it is evident from the face of the complaint that Mr. Kawa is bringing this claim upon behalf of JGB. Compl. ¶ 41 (alleging that JGB is owed $43,987.50).

Finally, pursuant to the doctrine of res judicata, Mr. Kawa is precluded from bringing JGB's claim for monies owed under PO 4191. Under this doctrine, a judgment upon the merits in a prior suit bars a second suit involving the same parties or their privies based upon the same cause of action. Bailey v. United States, 54 Fed. Cl. 459, 474 (Fed. Cl. 2002). This Court's judgment in favor of the Government upon JGB's PO 4191 claim is also binding against

Mr. Kawa, because he is representing JGB's interest in this action and does not possess an independent, substantive right to any monies under PO 4191.

ARGUMENT

I. Standard Of Review

A. Motion To Dismiss For Lack Of Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or upon appeal. Booth v. United States, 990 F.2d 617, 720 (Fed. Cir. 1993); United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n. 1 (Fed. Cir. 1991). Once jurisdiction is challenged by the court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). If defendant challenges jurisdiction, however, the plaintiff cannot merely rely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189; see also Reynolds, 846 F.2d at 747; Catellus Development Corp. v. United States, 31 Fed. Cl. 399, 404-405 (1994). This Court may consider all relevant evidence in order to resolve the

factual dispute, including evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985).

B. Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted

In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, this Court will grant dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), quoted in B & F Trawlers, Inc. v. United States, 27 Fed. Cl. 299, 302 (1992); Kinne v. United States, 21 Cl. Ct. 104, 107 (1990). In making this decision, the Court will accept the factual allegations set forth in the complaint as true. E.g., Papasan v. Allain, 478 U.S. 265, 268 (1986); B & F Trawlers, 27 Fed. Cl. at 302; Marshall v. United States, 21 Cl. Ct. 497, 499 (1990). The Court, however, should not place any weight upon any assertions in the complaint other than allegations of fact, since "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." Rochman v. United States, 27 Fed. Cl. 162, 167 (1992) (quoting 2A Jeremy C. Moore, et al., Moore's Federal Practice, ¶ 12.07 [2.-5] (2d ed. 1992)).

II. This Court Does Not Possess Jurisdiction To Entertain Mr. Kawa's Claim Pursuant To The Contract Disputes Act Because He Is Not A "Contractor"

Mr. Kawa alleges that this Court possesses jurisdiction to entertain his claim pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. Compl. ¶ 1. Because he is not a "contractor," the CDA does not provide this Court jurisdiction.

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984). Its jurisdiction to entertain a suit and to grant

relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). Absent congressional consent to entertain a claim against the United States, this Court lacks authority to grant relief. Testan, 424 U.S. at 399; Sherwood, 312 U.S. at 586.

The CDA applies to "any express or implied contract . . . entered into by an executive agency for - (1) the procurement of property, other than real property in being; (2) the procurement of services; (3) the procurement of construction, alteration, repair or maintenance of real property; or, (4) the disposal of personal property." 41 U.S.C. § 602(a). Although the CDA applies to PO 4191, the CDA provides that only a contractor may appeal the decision of a contracting officer. JGB Enterprises, 63 Fed. Cl. at 331 (citing 41 U.S.C. §§ 609(a)(1), 605(a)). The CDA defines the term "contractor" as "a party to a government contract other than the Government." 41 U.S.C. § 601(4). The contractor to PO 4191 is Capital City, not JGB, and not Mr. Kawa. Accordingly, because Mr. Kawa is not the contractor, this Court does not possess jurisdiction to entertain Mr. Kawa's claim pursuant to the CDA. See JGB Enterprises, 63 Fed. Cl. 330-31 (holding that JGB was not a "contractor" for purposes of the CDA).

## III. This Court Does Not Possess Jurisdiction To Entertain Mr. Kawa's Claim Pursuant To The Tucker Act

Mr. Kawa also alleges that this Court possesses jurisdiction to entertain his claim pursuant to the Tucker Act, 28 U.S.C. § 1491. The Tucker Act waives sovereign immunity for actions "founded either upon the Constitution, or any Act of Congress or any regulation of any executive department, or upon any express or implied contract with the United States, or for

liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. §1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." Testan, 424 U.S. at 398. Thus, "in order to invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1999) (quoting Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995)).

Mr. Kawa appears to rely upon three different theories in support of his claim that he is entitled to recover money from the Government. First, he alleges that there was an express or implied-in-fact contract between Mr. Kawa and the Government. Compl. ¶¶ 19-22, 33-36. Second, he alleges that he was a third-party beneficiary to the PO 4191. Compl. ¶¶ 28-32. Third, he alleges that he was assigned the payments under PO 4191. Compl. ¶¶ 23-27. As we demonstrate below, this Court does not possess jurisdiction to entertain Mr. Kawa's claim pursuant to the Tucker Act, because there is no privity of contact between Mr. Kawa and the Government, he was not a third-party beneficiary, and there was no valid assignment to Mr. Kawa.

A. No Privity Of Contract Between Mr. Kawa And The Government

Mr. Kawa did not have an express or implied-in-fact contract with the Government. For an implied-in-fact contract to exist between two or more parties, the contract must be "founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding." Baltimore & Ohio Railroad Co. v. United States, 261 U.S. 592, 597 (1923). The requirements for an implied-in-fact contract, like an express contract, are: "1) mutuality of

intent to contract; 2) consideration; and, 3) lack of ambiguity in offer and acceptance." City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990). For contracts with the Government, the "government representative whose conduct is relied upon must have actual authority to bind the government in contract." City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (citing City of El Centro, 922 F.2d at 820).

Mr. Kawa alleges in his complaint that the Government breached PO 4191 because the contract directed payment to Mr. Kawa. Compl. ¶ 19-22. PO 4191 was a contract between the Government and Capital City. Compl. ¶ 10. Although Mr. Kawa was listed in the remittance address of PO 4191, the Government did not contract with Mr. Kawa. Based upon nothing more than the plain language of the remittance clause, it would be presumed that Mr. Kawa was a representative of Capital City designated to receive payments upon behalf of Capital City. Indeed, the CO who issued PO 4191, Ms. Boscy, did not know that Mr. Kawa was actually an attorney for JGB who had been designated an escrow agent to receive payments to be made to JGB. JGB Enterprises, 63 Fed. Cl. at 326. Instead, the CO reasonably assumed that Mr. Kawa was an employee of Capital City designated to receive payment for his employer. Id.

Mr. Kawa also alleges in his complaint that there was an implied-in-fact contract between Mr. Kawa and the Government. Compl. ¶¶ 33-36. Mr. Kawa alleged that "[b]y changing the remittance address on Contract 4191 from Capital City to Michael Kawa, Esq., in accordance with the escrow agreement, the Contracting Officer clearly intended to enter into an agreement with Michael Kawa, Esq. as the payee." Compl. ¶ 34. Mr. Kawa's allegation that CO Bocsy intended to contract with Mr. Kawa is erroneous and contrary to this Court's decision in JGB Enterprises. As this Court previously found, Ms. Boscy assumed that Mr. Kawa was an

employee of Capital City and did not know that he was an attorney for subcontractor JGB or that he had been designated as the escrow agent. JGB Enterprises, 63 Fed. Cl. at 326. CO Bocsy, therefore, never intended to contract with anyone besides the prime contractor Capital City.

Although CO Moore and Small Business Specialist, Mr. Taylor, knew about JGB's non-payment problems and JGB's efforts to obtain assurance of payment through the escrow agreement and modification of the contracts, CO Moore did not become involved in administering PO 4191 until after the remittance address was changed. JGB Enterprises, 63 Fed. Cl. at 327. And, as this Court stated in JGB Enterprises, Mr. Taylor does not possess contracting authority and, thus, can not bind the Government. 63 Fed. Cl. at 334.

Finally, Mr. Kawa's implied-in-fact contract theory must fail because he fails to allege any offer and acceptance between Mr. Kawa and the Government, as there was none. Although Mr. Kawa attempts to allege some sort of consideration, JGB's shipment of parts is not any consideration that Mr. Kawa provided, but an obligation that JGB fulfilled under its contract with Capital City. Compl. ¶ 35. In short, Mr. Kawa fails to adequately allege the necessary elements of an implied-in-fact contract between the Government and Mr. Kawa.

B. Mr. Kawa Is Not A Third-Party Beneficiary

Mr. Kawa is not a third-party beneficiary to PO 4191. In very limited circumstances, this Court has permitted a third-party beneficiary of a contract to bring suit upon the contract. See Montana v. United States, 124 F.3d 1269, 1273 (Fed. Cir. 1997). To qualify as a third-party beneficiary, Mr. Kawa must show that the contract reflects an express or implied intent to benefit him. See JGB Enterprises, 63 Fed. Cl. at 331 (citing Montana, 124 F.3d at 1273; Schuerman v. United States, 30 Fed. Cl. 420, 433 (1994)). Only direct, not incidental, beneficiaries "[qualify]

for third-party beneficiary status." JGB Enterprises, 63 Fed. Cl. at 331-2 (citing Schuerman, 30 Fed. Cl. at 433). A third-party beneficiary does not have to be named in a contract, but must be part of a "class" that the contracting parties "clearly intended" to benefit. JGB Enterprises, 63 Fed. Cl. at 331-32 (citing Montana, 124 F.3d at 1273).

Mr. Kawa is not a third-party beneficiary to PO 4191 because the CO Bocsy did not expressly or impliedly intend to benefit him. This Court in JGB Enterprises, 63 Fed. Cl. at 335, found that JGB was not a third-party beneficiary to PO 4191 because CO Bocsy was not aware of the non-payment problem, was not aware of the purpose of changing the remittance address, and was not aware of Mr. Kawa's relationship to JGB. Similarly, Mr Kawa is not a third-party beneficiary to PO 4191, because CO Bocsy was not aware of the non-payment problem, was not aware of the purpose of changing the remittance address, and was not aware of Mr. Kawa's relationship to JGB. Id.

Capital City sent two letters to Ms. Bocsy requesting that the remittance address be changed to Mr. Kawa. App. at 4-5; JGB Enterprises, 63 Fed. Cl. at 334. Neither of these letters, however, explained to Ms. Bocsy the purpose of the request nor Mr. Kawa's relationship to JGB. Id. Because neither JGB nor Capital City informed Ms. Bocsy of the purpose of the change in the remittance address, Ms. Bocsy simply assumed that Mr. Kawa was an employee of Capital City and that he had been designated to receive payments on behalf of Capital City. JGB Enterprises, 63 Fed. Cl. at 335.

JGB simply assumed that CO Bocsy, like Mr. Taylor and CO Matthews, was aware of JGB's non-payment problem and the efforts to resolve it. JGB Enterprises, 63 Fed. Cl. at 334. As this Court stated, however, "JGB's mistaken assumptions regarding what CO Bocsy knew

cannot bind the Government." Id. (citing Firesetone Tire & Rubber, 195 Ct. Cl. at 30, 444 F.2d at 551; ITT Arctic Servs., 207 Ct. Cl. at 752, 524 F.2d at 684)). Because Ms. Bocsy did not know who Mr. Kawa was and why the remittance address was changed, she did not intend to benefit Mr. Kawa.

C. There Was No Valid Assignment To Mr. Kawa

Finally, Mr. Kawa is not an assignee to PO 4191. The Assignment of Contracts Act prohibits the assignment of a Government contract to a third party except when "moneys due or to become due . . . are assigned to a bank, trust company, or other financing institution, including any Federal lending agency. 41 U.S.C. §§ 15(a) and (b). The Assignment of Claims Act generally prohibits the assignment of any part of a claim against the Government. 31 U.S.C. § 3727(b). A valid assignment "may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." Id.

There could be no valid assignment of money due under PO 4191 or any claims arising under PO 4191 to Mr. Kawa pursuant to these anti-assignment statutes. First, Mr. Kawa does not, and can not, allege that he is a bank, trust company or a financing institution, such that JGB would be able to assign moneys due under PO 4191 to him. Second, Mr. Kawa does not, and can not, allege that JGB assigned a claim to him after the amount of the claim was allowed by the CO, the amount of the claim had been decided and a warrant for payment of the claim had been issued. Thus, there was no valid assignment under the express provisions of the anti-assignment statutes.

Courts, however, have long recognized that, "[d]espite the bar of the Anti-assignment statute . . . the Government, if it chooses to do so, may recognize an assignment." Tuftco Corp.

v. United States, 222 Ct. Cl. 277, 614 F.2d 740, 744-45 (1980) (quoting Maffia v. United States, 143 Ct. Cl. 198, 204, 163 F. Supp. 859, 862 (1958)); see also D&H Distrib. Co. v. United States, 102 F.3d 542, 546 (Fed. Cir. 1996) ("It is well-established, however, that the Government can waive the statutory prohibitions against the assignment of contract rights if the contracting officer gives clear consent to the assignment."). Courts examine the "totality of circumstances" to determine whether the Government has chosen to recognize an assignment, including whether: "(1) the assignor and/or the assignee sent notice of assignment to the Government; (2) the contracting officer signed the notice of assignment; (3) the contracting officer modified the contract according to the assignment; and (4) the Government sent payments to the assignee pursuant to the assignment." Riviera Finance of Texas, Inc. v. United States, 58 Fed. Cl. 528, 580 (2003) (citing Tuftco, 614 F.2d 745-46).

Here, Mr. Kawa fails to allege sufficient facts to establish that the Government recognized a valid assignment to him. First and foremost, the complaint does not allege the existence of any assignment agreement. An assignment is the "transfer of rights or property." Black's Law Dictionary (abr. 7th ed. 2000). The escrow agreement did not have the effect of transferring any rights under PO 4191 or claims arising under PO 4191 to Mr. Kawa. Rather, Mr. Kawa was appointed to serve as an escrow agent and distribute any payments received under PO 4191 as instructed by both JGB and Capital City. App. at 2. Mr. Kawa did not receive any rights pursuant to the escrow agreement that are enforceable against the United States. Second, even if the escrow agreement could be considered an assignment, CO Bocsy was never notified of the existence of the escrow agreement. App. at 4-5. Accordingly, Mr. Kawa has failed to allege that the Government clearly assented to any assignment. See Banco Vilbao Vizcaya-

Puerto v. United States, 48 Fed. Cl. 29, 34 (2000) ("At bottom, the purported assignee must show an affirmative manifestation of the 'meeting of the minds' between the assignee and the government, sufficient to satisfy the standard measure of assent in contract law.")

## IV. Mr. Kawa Is Not The Real Party In Interest

RCFC 17 (a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The "real party in interest" to an action is defined by RCFC 17(a) as "the party that possesses the substantive right under which the suit is brought." Wall Indus. Inc. v. United States, 15 Ct. Cl. 796, 803 (1988), aff'd, 883 F.2d 1027 (Fed. Cir. 1989). It is well established that the "real party in interest" to a Government contract and in a "contract dispute" is "the party which has a contractual relationship with the government." Wrona v. United States, 40 Fed. Cl. 784, 786-87(1998) (finding that the Executive Director of a grant-receiving organization was not a "real party in interest" because the Government had granted funds to the organization); see also Hemphill Contracting Co. v. United States, 34 Fed. Cl. 82, 85 (1995) (finding that the plaintiff corporation was not a "real party in interest" because it had no contractual relationship with the Government).

Mr. Kawa is not a real party in interest because he did not have a contractual relationship with the Government, see supra at 10-12, and therefore should be barred from recovering directly from the United States. And as we demonstrated above, Mr. Kawa was not a third-party beneficiary to PO 4191 nor an assignee to any rights or claims arising under PO 4191. See supra at 12-16. Nor does Mr. Kawa even allege that he possesses any substantive right to recover any monies from the Government under the escrow agreement. He was merely the agent designated to transfer any monies received from the Government to JGB and Capital City as directed by

both parties. App. at 2. Because he does not have any independent substantive right to monies under PO 4191, Mr. Kawa is not the real party in interest.

RCFC 17 (a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." It is unnecessary here, however, to wait for ratification of the action by the real party in interest. The real party in interest is JGB, and JGB has already fully pursued its PO 4191 claim against the Government. JGB Enterprises, 63 Fed. Cl. at 334-35. The Court, therefore, should dismiss immediately Mr. Kawa's complaint because he is not the real party in interest.

## V. Mr. Kawa Is Precluded From Bringing His Claim Pursuant To The Doctrine Of Res Judicata

Finally, Mr. Kawa's claim is barred by the doctrine of res judicata. Res judicata, or claim preclusion, is the well-established doctrine that "provides that a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Bailey v. United States, 54 Fed. Cl. 459, 474 (Fed. Cl. 2002) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). Essentially, res judicata prevents plaintiffs and their privies "from asserting the same transactional facts under different cause of action." Young Engineers Inc. v. ITC, 721 F.2d 1305, 1314 (Fed. Cir. 1983). Res judicata applies "not only as to every matter which was offered and received to sustain or defeat [a plaintiff's previous] claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U.S. 351, 352 (1877).

Res judicata applies when: "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (2) the second claim is based on the same set of transactional facts as the first." JET, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362 (Fed. Cir. 2000). A plaintiff is a "privy" to a party who brought an earlier suit when the party to the original suit "is so closely aligned with the non-party [plaintiff's] interests as to be its virtual representative." Mother's Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1572 (Fed. Cir. 1983) (finding that issue preclusion applied to a plaintiff when the plaintiff was virtually represented in previous litigation); see also Tyus v. Schoemehl, 93 F.3d 449, 455-58 (8th Cir. 1996); NAACP v. Hunt, 891 F.2d 1555, 1560-61 (11th Cir. 1990); United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980); Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir. 1975); Am. Forest Res. Council v. Shea, 172 F. Supp. 2d 24, 30-34 (D. D.C. 2001).

Mr. Kawa's claim is barred by the doctrine of res judicata because all three elements are met here. First, Mr. Kawa is a privy of JGB. Mr. Kawa previously represented JGB in his capacity as an attorney and was designated as an escrow agent under an escrow agreement, which was designed to provide greater assurance of payment to JGB. Mr. Kawa does not have any personal interest in receiving funds from the Government under PO 4191 and has no independent substantive right to monies against the Government under PO 4191. Indeed, Mr. Kawa alleges in his complaint that "JGB is owed $43,987.50," but does not claim that he is owed any money as an individual. Compl. ¶ 41. If Mr. Kawa were to succeed upon the claims presented in his complaint, we can only presume that those funds would be forwarded to JGB as provided under the escrow agreement.

Second, there has been a final judgment upon the merits upon JGB's PO 4191 claim. In JGB Enterprises, 63 Fed. Cl. at 334-35, this Court held that JGB was not a third-party beneficiary to PO 4191, and therefore could not recover $43,987.50 from the Government. Third, it is evident that Mr. Kawa's claim arises out of the "same set of transactional facts" as JGB's PO 4191 claim. They both involve JGB's non-payment problem, the escrow agreement entered into by Capital City and JGB to address that problem, the modification of the remittance address to Mr. Kawa under PO 4191, and the Government's electronic payment of monies under PO 4191 to Capital City. Compare Compl. ¶¶ 5-15 with JGB Enterprises, 63 Fed. Cl. at 326-27. Because the Court has already considered these facts in issuing its final decision in favor of the Government upon JGB's PO 4191, Mr. Kawa should not be permitted to re-litigate JGB's claim for JGB's sole benefit.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction. In the alternative, we request that the Court dismiss the complaint for failure to state a claim upon which relief can be granted, and because plaintiff is not the real party in interest.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0546
Fax: (202) 514-8640

August 18, 2006

Attorneys for Defendant