IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, ESQ., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Rule 6(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests a 14-day enlargement of time, to and including December 19, 2006, within which to file a response to the second amended complaint. Our response is currently due on December 5, 2006. This is defendant's first request for enlargement of time for this purpose. Plaintiff's counsel has represented that plaintiff opposes the motion.

The enlargement is requested because the Government intends to file a motion to dismiss for lack of jurisdiction or, in the alternative, a motion for summary judgment. On August 18, 2006, the Government filed a motion to dismiss the complaint for lack of jurisdiction. Instead of responding to our motion to dismiss, on November 6, 2006, Mr. Kawa filed an amended complaint, which he characterized as the first amended complaint. In fact, as the Court noted in its November 20, 2006 order, Mr. Kawa had previously filed his first amended complaint on June 8, 2006, and was required to seek leave of Court to file an amended complaint. On November 17, 2006, Mr. Kawa moved for leave to file a second amended complaint. The Government did not oppose that motion based upon the understanding that there were only minor changes between the alleged "first amended complaint" and the second amended

complaint.

The Government needs additional time to file its motion to dismiss or, in the alternative, motion for summary judgment, because the number of factual and legal allegations in the second amended complaint have substantially increased. The second amended complaint is 26 pages in length whereas the original complaint was 8 pages long. Additional time is also needed because the undersigned counsel for defendant was busy drafting a brief in a related case, JGB Enterprises v. United States, Fed. Cir. No. 2005-5064, that was due on November 20, 2006, and is busy drafting a brief in Simmons v. Small Business Administration, Fed. Cir. No. 2006-3415, that is due on December 4, 2006. She also is required to file a brief in Colon v. United States, Fed. Cir. No. 2006-5104, that is due on December 12, 2006. In addition, counsel for defendant was out of the office from November 22 to 24, 2006 for Thanksgiving.

Although Mr. Kawa has represented that he opposes this motion, fairness dictates that the Government should be permitted additional time to re-file its motion to dismiss, which was necessitated by Mr. Kawa filing the second amended complaint. Further, Mr. Kawa has previously filed two motions for enlargement of time for thirty days each to respond to the Government's motion to dismiss. In both instances, the Government did not oppose Mr. Kawa's motions for enlargement of time.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion for an enlargement of time of 14 days, to and including December 19, 2006, within which to file a response to the complaint or a motion to dismiss or, in the alternative, motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0546
Fax: (202) 514-8640

Attorneys for Defendant

November 27, 2006

CERTIFICATE OF FILING

I hereby certify that on November 27, 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Nancy M. Kim