IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448 |
| | ) | |
| THE UNITED STATES, | ) | (Judge George W. Miller ) |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF MICHAEL KAWA**

I MICHAEL KAWA, declare under penalty of perjury as follows:

1. I am over the age of 18 and competent to make this Declaration. I make this Declaration based on my personal knowledge.

2. I am an attorney, practicing in Syracuse, New York. During all relevant times, my business address was 300 Crown Building, Syracuse, NY 13202.

3. On November 10, 2005, I entered into an escrow agreement with JGB Enterprises, Inc (JGB) and Capital City Pipes, Inc. (Capital City), whereby I was to receive all payments due from the Defense Supply Center Columbus (DSCC) to Capital City, on contracts where JGB was a subcontractor. Under this agreement I was to release and pay funds deposited in escrow upon the receipt of a signed statement from Capital City and JGB providing for a division of the escrow fund between Capital City and JGB.

4. At the time of this agreement, I understood that the purpose of the agreement was to address JGB's concerns regarding non-payment by Capital City. It was my understanding that this Agreement was suggested and encouraged by DSCC personnel, since without such an agreement, JGB was unwilling to ship materials urgently needed by the Government, due to persistent non-payment by Capital City. By

entering into this agreement, it was my understanding that I was facilitating and making possible the Government's receipt of urgently needed military materials.

5. The agreement provided that Capital City and JGB were to take all steps and execute all documents as may be required by DSCC to provide that future payments of the moneys due be made payable to myself, and remitted to my Syracuse, New York, address.

6. Pursuant to this agreement, Capital City did notify the DSCC that the payment remittance address on Purchase Order 4191 should be:

Michael Kawa, Esq.
300 Crown Bldg.
304 S. Franklin Street
Syracuse, NY 1302

7. As contemplated by the parties to the escrow agreement, the payment clause of Purchase Order 4191, entered into between DSCC and Capital City with JGB as a subcontractor, was duly written as:

REMIT PAYMENT TO:

MICHAEL KAWA, ESQ.
300 CROWN BLDG
304 S. FRANKLIN ST
SYRACUSE, NY 13202

8. I was provided with a copy of Purchase Order 4191, and I believed that the payment clause bound the Government to make payment to me. At the very least, I believed that the language on the face of the Purchase Order would obligate the Government to send the check to my address, where I could control it and insure that payment was received by JGB.

9. In reliance upon the language of the Purchase Order, my client, JGB, shipped the items called for by Purchase Order 4191 directly to the Defense Department Depo on February, 8, 2000. When JGB shipped this order, I expected that payment would be made to me as clearly called for by Purchase Order 4191. When the Government accepted this delivery, under the Purchase Order calling for payment to be made to me, there was no further doubt in my mind that payment would have to be made according to the remittance clause. I believed that this acceptance had waived any objections regarding my entitlement to payment.

10. The validity of my rights under Purchase Order 4191 was further confirmed when, on February 10, 2005, a Government supply officer in Gulfport Mississippi issued Purchase Order N62604-00-P-0104 for hose assemblies from Capital City, supplied by JGB. In this Purchase Order, I was also listed under the "remit payment to" clause. Under this Purchase Order, the check was eventually sent to my address, where I was able to control it and assure payment to JGB. I assumed that if the Government was issuing yet another Purchase Order with my name and address in the "remit payment to" clause, there could be no possible doubt regarding my rights under Purchase Order 4191.

11. On April 24, 2000, with absolutely no notice or justification, the Government paid, by Electronic Funds Transfer, the amounts due under Purchase Order 4191 to Capital City. No money whatsoever under Purchase Order 4191 was remitted to my address, as called for by the Purchase Order.

12. As a result of this, according to the language of Purchase Order 4191, I am owed $45,275.76, plus interest. Due to this non-payment, I am unable to carry out my duties as contemplated when the escrow agreement was signed.

13. Due to the bankruptcy of Capital City, I am required to turn a percentage of this money over to the trustee in bankruptcy; however, the Government's non-payment has prevented me from properly forwarding these funds.

14. It is my understanding that the agreement under which I became an escrow agent was suggested and encouraged by the Government, and the Government has benefited from my services. If I had known that the Government would not honor its written obligations, I never would have agreed to serve as escrow agent for Purchase Order 4191, and the Government would not have received the urgently needed hose assemblies. My services directly resulted in the shipment of the material to the Government. At all times, I relied upon the objective language of Purchase Order 4191, and I submit, that reliance was entirely reasonable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 31 2007

Michael Kawa

Michael Kawa, Esq.