IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448 |
| | ) | |
| THE UNITED STATES, | ) | (Judge George W. Miller ) |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF ROBERT ZYWICKI**

I ROBERT ZYWICKI, declare under penalty of perjury as follows:

1. I am over the age of 18 and competent to make this Declaration. I make this Declaration based on my personal knowledge.

2. I am currently President of JGB Enterprises, Inc. ("JGB"). At the time of the events in question, I was Vice President and Chief Operating Officer of JGB. JGB is in the business of manufacturing hose assemblies and other products for military and commercial uses.

3. Prior to 1999, JGB had been awarded several contracts and purchase orders to supply hose assemblies to the Defense Supply Center Columbus ("DSCC"). In early 1999, JGB was approached by Lee Gillam and Thelma Williams of Capital City Pipes, Inc., a small disadvantaged business ("SDB") located in Tallahassee Florida. Mr. Gilliam stated that the DSCC Small Business Specialist, Michael Taylor, suggested that Capital City contact JGB to if JGB could manufacture and supply the products covered by the SDB set-aside contracts awarded to Capital City by DSCC. Prior to this initial contact, JGB had never heard of or done business with Capital City. Upon information and belief, Capital City had no experience or capability relating to hose assemblies.

4. JGB began working as a subcontractor to Capital City. In 1999, Capital City received several contracts and purchase orders from DSCC to supply hose assemblies, including but not limited to the 4191 Purchase Order. JGB agreed to be Capital City's supplier. However, in reality and as DSCC was well aware, JGB performed almost 100% of the contracts. JGB purchased all of the materials, assembled them into hose assemblies, made presentations to the Government Quality Assurance Representative, tested all items, packaged all items, paid all freight charges, shipped the product directly to the Government, and even sent the required form DD-250s directly to the DSCC. Capital City's sole responsibility on the initial contracts (prior to Purchase Order 4191) was to collect payment from the Government, take its mark-up, and pay JGB. An even this it did not do correctly. Beginning with the first shipment to DSCC, Capital City failed to timely pay JGB.

5. By October of 1999, Capital City's failure to pay JGB for shipments under other DSCC contracts (Purchase Order 4191 had not yet been signed) had become a serious problem. I had several conversations with Mr. Taylor of DSCC about Capital City's failure to pay JGB. On October 27, 1999, I wrote Mr. Taylor and informed him that Capital City was delinquent on over $360,000 to JGB and that JGB had stopped production pending resolution of the matter. I asked Mr. Taylor to "([p]lease contact me immediately with a proposed solution." (Exhibit A). I sent a "cc" of my letter to both the Contracting Officer and legal counsel at DSCC, among others.

6. I had several conversations with Mr. Taylor over the next two weeks. Mr. Taylor and I discussed a proposed solution to our problem that we ultimately implemented with Capital City. Specifically, Capital City and JGB entered into an

escrow agreement whereby JGB's local attorney, Michael Kawa, was appointed as escrow agent for receipt of payments under the DSCC-Capital City contracts. Under the escrow agreement, Capital City agreed to execute the necessary documents to ensure that all payments under the remaining DSCC-Capital City contracts would go directly to Mr. Kawa, who would distribute the appropriate amounts to JGB.

7. On November 10, 1999, Capital City revised its open quotation on the Solicitation that would become Purchase Order 4191 to change the remittance address to Michael Kawa. (Exhibit B). Thus, when the 4191 Purchase Order was awarded to Capital City, Mr. Kawa was designated as the payee. (Exhibit C at page 5 of 7). This assured JGB that we would be paid under the 4191 Purchase Order. Accordingly, we shipped the items under this Purchase Order directly to DSCC on February 8, 2000.

8. Subsequent to the shipment of the hose assemblies under Purchase Order 4191, we learned that DSCC did not remit payment to Michael Kawa as required by Purchase Order 4191 but, instead, electronically transferred the funds directly to Capital City.

9. As we feared, Capital City did not pay JGB for the items it shipped under Purchase Order 4191. Capital City has declared Chapter 7 bankruptcy.

10. In short, upon information and belief, DSCC knew exactly why Capital City and JGB wanted the payee and remittance address on Purchase Order 4191 changed to Mr. Kawa. Simply put, DSCC urgently needed these hose assemblies and duped JGB into shipping them, only to re-direct payment to Capital City after the goods were delivered.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on January 31 2007

Robert Zywicki
President
JGB Enterprises, Inc.

Melissa S. Gaylord 1/31/07

MELISSA S GAYLORD
Notary Public - State of New York
No. 01GA6116909
Qualified in Onondaga County
My Comm. Expires Oct. 12, 2008