No. 06-448C
(Judge George W. Miller)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

MICHAEL KAWA, ESQ.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

FRANKLIN E. WHITE, JR.
Assistant Director

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: 202-353-0546
Fax: 202-514-8640

March 12, 2007

Attorneys for Defendant

**TABLE OF CONTENTS**


INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Mr. Kawa Does Not Possess Standing As An Escrow Agent To Recover Upon Funds That Allegedly Should Have Been Deposited To The Escrow Account . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Mr. Kawa Cannot Establish Privity Of Contract . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. Mr. Kawa Cannot Establish That He Is A Third-Party Beneficiary . . . . . . . . . . . 7

IV. Mr. Kawa Cannot Establish An Assignment Of Rights . . . . . . . . . . . . . . . . . . . . 9

V. Mr. Kawa Cannot Establish A Money-Mandating Statute . . . . . . . . . . . . . . . . . 11

VI. Mr. Kawa Is Barred From Bringing His Claim . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

Aerojet-General Corp. v. Askew,
511 F.2d 710 (5th Cir. 1975) . . . . . . . . . . 13

Becherer v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,
193 F.3d 415 (6th Cir. 1999) . . . . . . . . . . 13

Blaze Constr., Inc. v. United States,
27 Fed. Cl. 646 (1993) . . . . . . . . . . 11

Chase Manhattan Bank v. Celotex Corp.,
56 F.3d 343 (2d Cir. 1995) . . . . . . . . . . 13, 14

D&H Distributing Co. v. United States,
102 F.3d 542 (Fed. Cir. 1996) . . . . . . . . . . 7

Federal Air Marshals v. United States,
74 Fed. Cl. 484 (2006) . . . . . . . . . . 11

Flexfab L.L.C. v. United States,
424 F.3d 1254 (Fed. Cir. 2005) . . . . . . . . . . 7, 8

Globex Corp. v. United States,
54 Fed. Cl. 343 (2002) . . . . . . . . . . 4

JGB Enterprises, Inc. v. United States,
63 Fed. Cl. 619 (2004) . . . . . . . . . . 5, 7, 9

Jurgens v. Abraham,
616 F. Supp. 1381 (D. Mass. 1985) . . . . . . . . . . 3

Lloyd, Kane & Weider, P.A. v. United States,
757 F. Supp. 683 (D. Md. 1991) . . . . . . . . . . 3

Montana v. United States,
440 U.S. 147 (1979) . . . . . . . . . . 12

**TABLE OF AUTHORITIES**

**CASES** **PAGE(s)**

Mother's Restaurant Inc. v. Mama's Pizza, Inc.,
723 F.2d 1566 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 13

NAACP v. Hunt,
891 F.2d 1555 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Nash County Board of Education v. Biltmore Co.,
640 F.2d 484 (4th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Norwest Bank Arizona NA v. United States,
37 Fed. Cl. 605 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

O. Ahlborg & Sons, Inc. v. United States,
74 Fed. Cl. 178 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Produce Factors Corp. v. United States,
467 F.2d 1343 (Ct. Cl. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Putnam Mills Corp. v. United States,
479 F.2d 1334 (Ct. Cl. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Richards v. Jefferson County,
517 U.S. 793 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Riviera Finance of Texas, Inc. v. United States,
58 Fed. Cl. 528 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Samish Indian Nation v. United States,
419 F.3d 1355 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Triax Pacific, Inc. v. West,
130 F.3d 1469 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tuftco v. United States,
614 F.2d 740 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tyus v. Schoemehl,
93 F.3d 449 (8th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

United States v. Bonilla Romero,
836 F.2d 39 (1st Cir. 1988) . . . . . . . . . . 13

United States v. ITT Rayonier, Inc.,
627 F.2d 996 (9th Cir. 1980) . . . . . . . . . . 13

United States v. White Mountain Apache Tribe,
537 U.S. 465 (2003) . . . . . . . . . . 11

Weldon v. First Citizens Bank of Billings,
856 P.2d 225 (Mont. 1993) . . . . . . . . . . 3

**STATUTES**

10 U.S.C. § 2785 . . . . . . . . . . 2, 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, ESQ., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**

INTRODUCTION

In our opening brief, we established that this Court should dismiss Mr. Kawa's claim for three reasons. First, we demonstrated that Mr. Kawa does not possess standing to assert his claim because he has suffered no "injury in fact" or an invasion of a legally protected right. Def. Supp. Mot. at 9-12.[1] Second, we demonstrated that this Court does not possess jurisdiction to entertain Mr. Kawa's claim pursuant to the Contract Disputes Act or the Tucker Act, because Mr. Kawa cannot establish privity of contract between himself and the Government, rights as a third-party beneficiary, an assignment of rights or claims to him, nor entitlement to money from the Government pursuant to a money-mandating provision. Id. at 12-24. Finally, we demonstrated that, pursuant to the doctrine of res judicata and its related concept of virtual representation, Mr. Kawa is barred from bringing JGB Enterprises's ("JGB") claim for monies allegedly owed under Purchase Order 4191, because JGB has already fully litigated that claim

[1] "Def. Supp. Mot." refers to Defendant's Supplemental Motion To Dismiss. "App." refers to the appendix attached to Defendant's Supplemental Motion To Dismiss. "Pl. Opp." refers to Plaintiff's Opposition to Defendant's Supplemental Motion To Dismiss.

before this Court. Id. at 23-24.

In response, Mr. Kawa contends that he possesses standing to bring his claim pursuant to Rule 17(a) of the Rules of the United States Court of Federal Claims, because that rule permits a trustee or a bailee to sue in his or her own name without joining the party for whose benefit the action is brought, and because an escrow agent is like a "trustee" or a "bailee." Pl. Opp. at 17-22. Mr. Kawa further contends that this Court possesses jurisdiction to entertain his claim pursuant to both the Contract Disputes Act and the Tucker Act because he alleged that he was listed as the payee on Purchase Order 4191, alleged an implied-in-fact contract, and alleged that he was a third-party beneficiary to the contract. Pl. Opp. at 21-29. Mr. Kawa further contends that this Court possesses jurisdiction because 10 U.S.C. § 2785 is money-mandating and that, in any event, the Assignment of Claims Act provides this Court an independent basis of jurisdiction. Pl. Opp. at 31-34. Finally, Mr. Kawa contends that the Court should not bar his claim pursuant to the doctrine of res judicata and virtual representation, because he is bringing a claim in his own right and not as a representative of JGB. Pl. Opp. at 34-39.

For the reasons we explain below, Mr. Kawa's contentions are meritless. In light of the Court's determination of identical issues in JGB Enterprises, Inc. v. United States, 63 Fed. Cl. 619 (2004), Mr. Kawa's complaint – and his amended complaints – is utterly without merit and require the Government and the Court to needlessly address the same issues that were previously litigated.

I. Mr. Kawa Does Not Possess Standing As An Escrow Agent To Recover Upon Funds That Allegedly Should Have Been Deposited To The Escrow Account

Mr. Kawa erroneously contends that he possesses standing because, as an escrow agent, he is like a "bailee" or "trustee," and because RCFC 17(a) expressly permits a bailee or trustee to

sue in his or her own name without joining the party for whose benefit the action is brought. Pl. Opp. at 17-18. Mr. Kawa's contention is erroneous for two reasons. First, the requirement of standing is jurisdictional, and to the extent that Mr. Kawa cannot demonstrate any "injury in fact," i.e., an invasion of a legally protected interest, RCFC 17(a) is unavailing. Def. Supp. Mot. at 9. Second, an escrow agent is not like a trustee or bailee in two significant ways.

First, unlike a trustee or bailee, an escrow agent does not possess any interest in the property or monies in an escrow account. See Lloyd, Kane & Weider, P.A. v. United States, 757 F. Supp. 683, 684 (D. Md. 1991); In re Fleming, 1997 WL 111302 (1997) (unpublished opinion). In contrast, in a trust relationship, the trustee holds legal title to the property while the beneficiary holds equitable title to the property. 76 Am. Jur. 2d § 1 Trusts (2005). In a bailment relationship, the bailor retains legal title to the property, but the bailee acquires a possessory interest in the property. 8A Am. Jur. 2d § 53 Bailments (1997).

Second, the duties and responsibilities of an escrow agent are significantly more limited than a trustee or bailee. The duties of an escrow agent are limited to following the instructions in the escrow agreement. An escrow agent, therefore, may be liable for negligently following the instructions in the escrow agreement, but cannot be subject to damages for failure of the parties to properly deliver the property to be escrowed to him or her. 28 Am. Jr. 2d § 30 Escrows (2000); Jurgens v. Abraham, 616 F. Supp. 1381, 1385 (D. Mass. 1985) ("Although an agent may be liable for negligence in failing to perform his duties in accordance with the escrow agreement, he has no duties or liabilities to either party until a deposit is made with him."); Weldon v. First Citizens Bank of Billings, 856 P.2d 225, 307-08 (Mont. 1993) (holding that bank, as escrow agent, did not have responsibility to account for missing deeds, especially prior to their delivery

in the escrow). In contrast, a trustee has significantly wider responsibilities in holding, managing, and disposing of assets, and is personally liable for failing to properly manage the assets in the trust. 76 Am. Jur. 2d § 402 Trusts (2005). The bailee also has an obligation, arising from the relationship created by the bailment contract, to exercise due care to protect the bailed property from loss, damage, or destruction. 8A Am. Jur. 2d § 110 Bailments (1997).

Because an escrow agent does not possess any interest in the property in the escrow account and does not possess any responsibility until funds are received in the escrow account, it is reasonable that he or she does not possess standing to bring suit to recover amounts that allegedly should have been deposited into the escrow account. Absent any invasion of a legally protected right, Mr. Kawa does not possess constitutional standing to bring his claim.

In addition to relying upon his status as an escrow agent, Mr. Kawa also relies upon his alleged status as payee, third-party beneficiary, and assignee to establish standing to bring his claim. These assertions are equally faulty.

II. Mr. Kawa Cannot Establish Privity Of Contract

Mr. Kawa contends that he was a party to Purchase Order 4191 because he is expressly named on the face of that contract as the payee. Pl. Opp. at 22-24. Mr. Kawa, however, cites to no cases supporting this novel proposition and the Government is aware of none.

"A finding of privity between the Plaintiff and the Government 'is a jurisdictional prerequisite for a contract claim because 'the government consents to be sued only by those with whom it has privity of contract.'" O. Ahlborg & Sons, Inc. v. United States, 74 Fed. Cl. 178, 188 (2006) (quoting Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (2002)); see also Putnam Mills Corp. v. United States, 479 F.2d 1334, 1337 (Ct. Cl. 1973) ("It is clear that, unless

the plaintiff can provide evidence of the existence of some type of contract between it and the United States, it cannot, as a subcontractor, recover directly from the United States for amounts owed to it by the prime."). Privity of contract exists between the Government and Capital City because the Government accepted Capital City's offer to provide hose assemblies. However, there is no privity of contract between the Government and Mr. Kawa.

Contrary to Mr. Kawa's contention, the Government's motion is properly styled as one for lack of subject matter jurisdiction because, even assuming the allegations in his complaint to be true, his allegations do not sufficiently establish this Court's jurisdiction. For example, Mr. Kawa contends in his response that he "intended to contract with the Government, entering into a escrow agreement suggested by the Government, expecting that the Government would place his name in future purchase orders." Pl. Opp. at 24. Even if Mr. Kawa intended to contract, there must be mutuality of intent to contract in order for a contract to be formed. Restatement (Second) of Contracts § 17 (1981) ("the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and consideration"). There was no intent by the Government to contract. As this Court previously found, contracting officer Ms. Bocsy assumed that Mr. Kawa was an agent designated by Capital City to receive payment. JGB Enterprises, 63 Fed. Cl. at 334-35.[2] Mr. Kawa makes much of the fact that the Small Business Specialist, Michael Taylor, suggested use of an escrow agreement to solve the non-payment problem. As this Court previously held, however, Michael Taylor does not have contracting

[2] Pursuant to the doctrine of issue preclusion, Mr. Kawa is barred from re-litigating the issue of the contracting officer's knowledge of the identity of Mr. Kawa, as this identical issue was actually litigated in JGB Enterprises, was necessary to the court's judgment, and because Mr. Kawa is acting as an agent of JGB in bringing this lawsuit. See Mother's Restaurant Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1569 (Fed. Cir. 1983).

authority, and cannot bind the Government. Id. at 334.

We further demonstrated in our opening brief that the Government could not have ratified any contract with Mr. Kawa, because the Government never received any benefits from Mr. Kawa. Def. Supp. Mot. at 17. The Government received only the delivery of the hose assemblies for which it had contracted with Capital City. Id. In response, Mr. Kawa contends that our argument is irrational because, in reality, the Government would not have obtained the hose assemblies were it not for Mr. Kawa serving as an escrow agent. Pl. Opp. at 25. Mr. Kawa again is wrong. As this Court earlier recognized, when the Government receives an indirect benefit from an assignee, such indirect benefit is not sufficient to establish privity of contract or ratification. Cf. Thomas Funding Corp. v. United States, 15 Cl. Ct. 495, 501 (1988) (quoting Produce Factors Corp. v. United States, 467 F.2d 1343, 1348 (Ct. Cl. 1972)) ("While the assignee lending institution indirectly benefits the Government through financing the contractor's performance, such indirect benefits do not serve to create privity of contract with the United States."). Likewise, receipt of the hose assemblies, which the Government was entitled to, does not demonstrate any direct benefit from a contract or ratification of a contract with Mr. Kawa.

Moreover, Mr. Kawa's agreement to serve as escrow agent constituted an offer to or acceptance of an offer provided by JGB and/or Capital City, not the Government. While Small Business Specialist, Michael Taylor, may have suggested use of an escrow agreement to Capital City, the Government, via its contracting officers, never offered or accepted any of Mr. Kawa's services. The mere fact that contracting officer Moore knew who Mr. Kawa was by the time the Government received and paid for the hose assemblies does not demonstrate ratification of a

contract between Mr. Kawa and the Government. It demonstrates only that the contracting officer Moore later became aware of the escrow agreement between Mr. Kawa and JGB and Capital City. Any contract that Mr. Kawa possessed, thus, was with JGB and/or Capital City.

III. Mr. Kawa Cannot Establish That He Is A Third-Party Beneficiary

In limited circumstances, courts have permitted payees to bring suit against the Government as third-party beneficiaries to enforce the payees' right to payment. See D&H Distributing Co. v. United States, 102 F.3d 542, 546-47 (Fed. Cir. 1996). However, "[i]n order to prove third-party beneficiary status, a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it reflects an intention to benefit the party directly." Flexfab L.L.C. v. United States, 424 F.3d 1254, 1259 (Fed. Cir. 2005) (emphasis added). Mr. Kawa's claim that he is a third-party beneficiary to Purchase Order 4191 suffers from a fatal defect. There is no express or implied intent in the contract, or under the circumstances in which the contract was entered into, that demonstrates that the Government intended to benefit Mr. Kawa directly (i.e., as an individual). Rather, Mr. Kawa was simply assumed to be a representative of Capital City designated to receive payment for Capital City's benefit.

Mr. Kawa is listed in the remittance address section of Purchase Order 4191, but there is nothing in that contract that identifies who Mr. Kawa is, i.e., that he is someone other than an agent designated to receive payment upon behalf of Capital City. App. at 10. As this Court previously found, contracting officer, Ms. Bocsy, reasonably assumed that Mr. Kawa was an employee of Capital City designated to receive payment and did not know that he was an attorney for subcontractor JGB or that he had been designated as an escrow agent pursuant to an

escrow agreement. JGB Enterprises, 63 Fed. Cl. at 326. Undeterred, Mr. Kawa contends in his response that the contracting officer's knowledge of Mr. Kawa's relationship to JGB is irrelevant to his claim. Pl. Opp. at 27. Mr. Kawa again is wrong. Ms. Bocsy's knowledge of who Mr. Kawa is, is directly relevant to whether she intended to benefit Mr. Kawa directly, which is at the heart of the third-party beneficiary analysis. Flexfab, 424 F.3d at 1262 ("We thus hold that for third-party beneficiary status to lie, the contracting officer must be put on notice, by either the contract language or the attendant circumstances, of the relationship between the prime contractor and the third-party subcontractor so that an intent to benefit the third party is fairly attributable to the contracting officer.")

We further demonstrated that in our opening brief that, in any event, Mr. Kawa's reliance upon the remittance address clause was unreasonable given the contract's incorporation of FAR 52.232-33, which stated that payment would be made by electronic funds transfer ("EFT") to the EFT information contained in the CCR system and that the Government would not be liable for erroneous payment when the EFT information in the system is incorrect. Def. Supp. Mot. at 19. In response, Mr. Kawa cites to a decision by the Armed Services Board of Contract Appeals holding that nothing in FAR 52.232-33 prevented the board from possessing jurisdiction of a direct subcontractor appeal based upon the third-party beneficiary exception to the privity rule. Pl. Opp. at 28-29 (citing Appeal of Floorpro, Inc., 04-1 BCA ¶ 32571, ASBCA No. 54143 (2004)). We respectfully disagree with the decision in Floorpro, and note that Floorpro is not binding upon this Court. Whether a third-party beneficiary may reasonably rely upon a remittance address clause should be affected by FAR provisions incorporated into the contract, which are just as much a part of the contract as the remittance address clause. To the extent

there was any patent ambiguity between the clauses, Mr. Kawa should have inquired about the ambiguity prior to relying upon it. Cf. Triax Pacific, Inc. v. West, 130 F.3d 1469, 1474 (Fed. Cir. 1997) ("The existence of a patent ambiguity in a government contract 'raises a duty of inquiry, regardless of the reasonableness of the contractor's interpretation.'" ).

In any event, because contracting officer Ms. Bocsy was not aware that Mr. Kawa was anyone other than an agent designated to receive payment upon behalf of Capital City, Mr. Kawa cannot establish that the Government intended to benefit him personally or as an agent of JGB by listing his name in the remittance address clause of the contract.

IV. Mr. Kawa Cannot Establish An Assignment Of Rights

Mr. Kawa notes in his response that, despite a lack of privity between himself and the Government, he may maintain an action against the Government pursuant to the Anti-Assignment Act. Pl. Opp. at 34 (citing Thomas Funding Corp. v. United States, 15 Cl. Ct. 495, 502 (1988)). Mr. Kawa is correct to the extent that this Court and its predecessor have permitted assignees to sue the Government to enforce its right to payment. An assignee may bring a suit against the United States for wrongful payment to a third party, but may not maintain an action for breach of contract. Thomas Funding, 15 Cl. Ct. at 495. Mr. Kawa, however, may not maintain his action pursuant to the Anti-Assignment Act if he is not an assignee falling within the exception to the general prohibition against assignments.

Mr. Kawa contends that this is a "powerful case for assignment," because the Government suggested an assignment to induce JGB to ship the materials, the contracting officer Bocsy inserted his name into the remittance address of Purchase Order 4191,[3] and contracting

[3] Although contracting officer Matthews may have suggested to Capital City that it request an assignment of claims from the DCMC Clearwater, with respect to Contract 2508, this request was denied. JGB Enterprises, 63 Fed. Cl. at 327-28.

officer Moore sent an Alert message regarding Purchase Order 4191. Pl. Opp. at 29-30. However, the facts as alleged by Mr. Kawa do not establish a waiver of the Assignment of Claims Act. First, he does not allege that an assignment agreement was ever executed between him and JGB or Capital City. The escrow agreement that was executed by Mr. Kawa and JGB and Capital City is not an assignment agreement. In an assignment, Mr. Kawa would have inherited all rights to payment under PO 4191. Restatement (Second) of Contracts § 317 (1981) ("An assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such performance."). Under the escrow agreement, Mr. Kawa did not inherent any right to payment, only an obligation to disburse payments once received in accordance with the written instructions provided. App. at 1-3.

Second, there was no notice of assignment ever provided to contracting officer Bocsy. The letters addressed to Ms. Bocsy requesting that the remittance address be modified do not mention any assignment. App. at 4-5. In the cases where courts have found that the Government waived the requirements of the Assignment of Claims Act, there was at least some notice of the assignment provided to the Government. See Riviera Finance of Texas, Inc. v. United States, 58 Fed. Cl. 528, 529 (2003) (notice of assignment provided); Norwest Bank Arizona NA v. United States, 37 Fed. Cl. 605, 606 (1997) (same); Tuftco v. United States, 614 F.2d 740, 742 (1980) (same). Without a notice of assignment provided to the contracting officer for PO 4191, Mr. Kawa cannot demonstrate that the Government ever assented to an assignment by listing him in the remittance address clause of the contract.

Despite the length of Mr. Kawa's second amended complaint, Mr. Kawa does little more

than proffer conclusory allegations that he provided notice of an assignment to the Government and that the Government recognized the assignment by inserting his name in the remittance address clause. "[L]egal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." Federal Air Marshals v. United States, 74 Fed. Cl. 484, 485 (2006) (quoting Blaze Constr., Inc. v. United States, 27 Fed. Cl. 646, 650 (1993)). In his response, Mr. Kawa fails to provide any evidence that an assignment agreement was ever executed, much less that a notice of the assignment was provided to the Government.

V. Mr. Kawa Cannot Establish A Money-Mandating Statute

In his response, Mr. Kawa contends that 10 U.S.C. § 2785 is money-mandating under the "fair inference" standard discussed in United States v. White Mountain Apache Tribe, 537 U.S. 465, 472-73 (2003). Pl. Opp. at 31-32. Relying upon Samish Indian Nation v. United States, 419 F.3d 1355 (Fed. Cir. 2005), Mr. Kawa notes that certain discretionary schemes can be money-mandating. Id. at 32. "These include statutes: (1) that provide 'clear standards for paying' money to recipients; (2) that state the 'precise amounts' that must be paid; or (3) as interpreted, compel payment on satisfaction of certain conditions." Id. at 1364-65 (quoting Perri v. United States, 340 F.3d 1337, 1342-43 (Fed. Cir. 2003)). None of these criteria, however, are met here.

Section 2785 mandates only that the Secretary of Defense shall prescribe regulations setting forth controls on alteration of remittance addresses. 10 U.S.C. § 2785. Those regulations should ensure that the remittance address is altered only by an officer or employee authorized to do so and when requested by the person to whom disbursement is authorized to be remitted. Id. Nothing in section 2785 provides for the payment of money, provides any clear standards for paying money, states the precise amount of money that must be paid, or compels the payment of

money upon satisfaction of certain conditions. Thus, even under Samish, the case that Mr. Kawa relies upon, section 2785 is not money-mandating.

VI. Mr. Kawa Is Barred From Bringing His Claim

Mr. Kawa finally argues in his response that he is not barred from bringing his claim pursuant to the doctrine of res judicata because this Court should reject the "questionable" doctrine of "virtual representation," and because he is not in "privy" or "privity" with JGB. Pl. Opp. 34-39. This Court should reject Mr. Kawa's contention.

First, it is well-established that the doctrine of res judicata, both in its claim preclusion and issue preclusion forms, apply to both parties and their privies or those with whom they are in privity. Restatement (Second) of Judgements, Ch. 1 Scope (1982); see also Richards v. Jefferson County, 517 U.S. 793, 798 (1996) ("Most notably, there is an exception when it can be said that there is 'privity' between a party to the second case and a party who is bound by an earlier judgment"); Montana v. United States, 440 U.S. 147 (1979) (holding that the United States, although not a party to the prior action, had sufficient control over prior litigation to actuate principles of issue preclusion). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action my minimizing the possibility of inconsistent decisions." Montana, 440 U.S. at 153-54.

Second, it is apparent that Mr. Kawa is attempting to represent the interests of JGB in bringing his claim. As we demonstrated above, Mr. Kawa, as an escrow agent, does not have an independent right to any interest in the proceeds of the escrow account. Further, as we demonstrated, he does not possess any privity of contract with the Government, nor is a third-party beneficiary or an assignee. Generally, a "person who is not a party to an action but who is

represented by a party is bound by and entitled to the benefits of a judgment as though he were a party." Restatement (Second) of Judgments § 41(1) (1982). Thus, an action brought by a trustee, an executor, administrator, guardian, conservator, or similar fiduciary manager of an interest binds the beneficiary. Id. at § 41(1)(a) and (c); see also Richards, 517 U.S. at 798. Courts, therefore, have stated that "[u]nder the federal law of res judicata, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir. 1975).

Contrary to Mr. Kawa's contention, this doctrine of virtual representation has been endorsed by the majority of courts of appeals, including the United States Court of Appeals for the Federal Circuit, in both the context of claim and issue preclusion. See United States v. Bonilla Romero, 836 F.2d 39, 43-44 (1st Cir. 1988); Chase Manhattan Bank v. Celotex Corp., 56 F.3d 343, 345-46 (2d Cir. 1995); Nash County Board of Education v. Biltmore Co., 640 F.2d 484, 493-94 (4th Cir. 1981); Becherer v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 193 F.3d 415, 423-24 (6th Cir. 1999); Tyus v. Schoemehl, 93 F.3d 449, 455-58 (8th Cir. 1996); United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980); NAACP v. Hunt, 891 F.2d 1555, 1560-61 (11th Cir. 1990); Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1572 (Fed. Cir. 1983). Further, contrary to Mr. Kawa's contention, the Sixth Circuit did not outright reject the doctrine of virtual representation. See Becherer, 193 F.3d at 428 ("Bittinger did not expressly hold that res judicata could not bind a nonparty by a showing of privity through control or a legal relationship of accountability.")

The key to determining whether the doctrine of res judicata should bar a non-party is determining whether the interests of the party and non-party are virtually identical so that the

interest of the non-party was adequately represented in the earlier action. Chase Manhattan Bank, 56 F.3d at 345. Here, it is apparent that Mr. Kawa and JGB's interests were so closely aligned that there is no concern whatsoever that Mr. Kawa's rights are being prejudiced by barring his claim. As we repeatedly stated, Mr. Kawa has no personal right to payment of monies pursuant to Purchase Order 4191. The fact that he was listed as payee in the contract does not establish privity of contract or third-party beneficiary status absent any intent from contracting officer Bocsy to benefit him directly. Further, as an escrow agent, his only responsibility was to disburse any funds received in accordance with written instructions. Because he did not receive any funds from the Government, he is not liable to JGB or Capital City; nor, is there any allegation in the second amended complaint that JGB has attempted to recover its loss from Mr. Kawa. Even supposing, hypothetically, that Mr. Kawa recovers any monies from this lawsuit, he will be required to disburse those monies to JGB. There is, thus, absolutely no concern that Mr. Kawa's rights would be prejudiced by barring his claim.

## CONCLUSION

For the reasons stated above, and as more fully stated in our supplemental motion to dismiss, we respectfully request that the Court dismiss Mr. Kawa's complaint, because Mr. Kawa does not possess standing to bring his claim, this Court does not possess jurisdiction to entertain his claim, and because Mr. Kawa is barred from bringing his claim pursuant to the doctrine of res judicata.

Respectfully submitted,

PETER D. KEISLER

Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Franklin E. White

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0546
Fax: (202) 514-8640

March 12, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on March 12, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Nancy M. Kim