IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant, the United States, respectfully requests that this Court deny Plaintiff's Motion for Default Judgment, filed on August 9, 2007. The United States admits that it mistakenly failed to timely file its answer pursuant to Rule 12(a) of the Rules of the United States Court of Federal Claims ("RCFC"), but asserts that this failure does not constitute grounds for default judgment or RCFC 11 sanctions.

STATEMENT OF FACTS

This case was filed on June 6, 2006. On November 17, 2006, plaintiff Michael Kawa filed his Second Amended Complaint. On December 19, 2006, the United States filed a supplemental motion to dismiss the Second Amended Complaint. On February 2, 2007, Mr. Kawa filed his response to the motion to dismiss. On March 12, 2007, the United States filed its reply to Mr. Kawa's response to its motion to dismiss.

This case was originally assigned to an attorney who has since left the Department of Justice. The United States' current counsel of record received this case in March 2007, after the motion to dismiss had been fully briefed. Upon receiving the case, defendant's counsel reviewed the file and at that time noted that an answer had not yet been filed. However, as the motion to dismiss was still pending and virtually no activity was occurring in this case, the fact that an

answer had not been filed was not of particular importance at that time.

As Mr. Kawa stated in his motion for default judgment, the parties have been engaged in continuing settlement discussions for several months involving this matter and the related matter of J.G.B. Enterprises, Inc. v. United States, Fed. Cir. No. 2005-5065 ("JGB").[1] Following defendant's counsel's assignment to this case, she has been in frequent contact with Mr. Kawa's counsel concerning settlement. Furthermore, it is defendant's counsel's understanding that numerous settlement discussions took place between Mr. Kawa's counsel and the Department of Justice attorney previously assigned to this case.

On June 28, 2007, this Court issued its order denying defendant's motion to dismiss. The order did not expressly address the deadline for filing the Government's answer, but simply stated that the Court would be in touch with counsel in order to schedule a status conference to consider the course of future proceedings in this case. A status conference was held on July 10, 2007. During the status conference, there was extensive discussion concerning discovery. Given that the facts relevant to this case are virtually identical to the facts of the JGB case, the Court decided to limit the discovery period to 90 days. On the same date as the status conference, the Court entered a scheduling order setting the deadline for completion of discovery and scheduling a post-discovery status conference. The scheduling order did not set a deadline for filing an answer.

Despite the fact that the answer was due during the week of the status conference, there

---

[1] In his motion, Mr. Kawa represented that settlement discussions have broken down as a result of the Federal Circuit's decision in the JGB case. Pl. Mot. ¶ 7. However, since the JGB decision, defendant's counsel has received at least one informal settlement proposal from Mr. Kawa's counsel.

was no mention of the answer by Mr. Kawa's counsel or by the Court. Defendant's counsel was not aware that RCFC 12(a) requires that an answer be filed within 10 days of notice of the court's denial of a motion to dismiss, and, thus, that the Court need not specify a deadline for filing the answer, because the deadline is set by the court's rules.[2] Defendant's counsel did not become aware of this rule until receiving Mr. Kawa's motion for default judgment.

Additionally, during the time following the Court's denial of the motion to dismiss, defendant's counsel continued to be focused upon the potential settlement of this case, and did not recall that an answer had not yet been filed. Based upon Mr. Kawa's representations in his motion for default judgment, his counsel also did not recall until recently that an answer had not yet been filed. Pl. Mot. ¶ 8.

## ARGUMENT

### I. This Court Should Deny Mr. Kawa's Motion For Default Judgment

It is "well-established . . . that a trial on the merits is favored over default judgment." Information Sys. and Networks Corp. v. United States, 994 F.2d 792, 795 (Fed. Cir. 1993). "'Judgment by default is a drastic step which should be resorted to only in the most extreme cases.'" Id. at 796 (quoting United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983)). In ruling upon a motion for default judgment, a court should consider three factors: (1) whether the party moving for default judgment will be prejudiced; (2) whether the allegedly defaulting party has a meritorious defense; and (3) whether culpable conduct of the allegedly defaulting party led to the action that is the basis for the motion for default judgment.

[2] In at least one other Court of Federal Claims case handled by defendant's counsel, the court set an answer deadline in its order that denied defendant's motion to dismiss. See Brickwood Contractors, Inc. v. United States, Fed. Cl. No. 06-695C.

See id. at 795 (citing factors that should be considered in ruling upon a motion for relief from default judgment).

As to the first factor, Mr. Kawa has not been and will not be prejudiced by the United States' failure to timely answer the complaint. As Mr. Kawa states in his motion for default judgment, it only recently came to his attention that an answer had not yet been filed. Pl. Mot. ¶ 8. Therefore, it is clear that he has not thus far been in need of an answer, and has not been prejudiced by not having an answer. We recognize that, in the ordinary case, the Government's answer may be useful to the plaintiff in preparing discovery requests. However, in this case, in light of the Government's arguments in the JGB litigation, this Court's decision in JGB, and the Government's arguments in its motion to dismiss this action, Mr. Kawa already knows the United States' position regarding all of the relevant facts. Therefore, it is debatable whether the Government's answer would further assist Mr. Kawa in preparing his discovery requests. Nonetheless, given the Government's admitted error in failing to recognize the due date for its answer, we do not object to Mr. Kawa's request for an extension of the discovery period to provide adequate time for him to review the answer and prepare discovery requests accordingly.

As to the second factor, it is clear that the United Stated has a meritorious defense to this action. Although the Court denied the motion to dismiss, the Court did not in any way indicate that the United States' defenses were without merit, but merely found that there were factual issues that still need to be resolved. In fact, the Court characterized Mr. Kawa's claim as "doubtful." See Kawa v. United States, 77 Fed. Cl. 294, 305 n.5 (2007). Certainly, Mr. Kawa's complaint and his response to the United States' motion to dismiss do not provide any basis for relief pursuant to RCFC 55(b).

As to the third factor, there has been no culpable conduct upon the part of the United States concerning its failure to answer the complaint to date. In considering culpability, this Court should consider whether the United States willfully failed to file the answer and whether the United States intended to violate court rules and procedures. See Information Sys., 994 F.2d at 796. As discussed above, the Government's failure to file the answer was the result of mere negligence, and was not a willful disregard of court rules and procedures. See id. Since this case was assigned to defendant's counsel, she has been actively working on it, but has been focused upon settlement, rather than upon furthering the litigation. Following the Court's denial of defendant's motion to dismiss, although there had been a status conference, a scheduling order, and numerous conversations between Mr. Kawa's counsel and defendant's counsel, there was never any mention of filing an answer. Prior to receiving Mr. Kawa's motion for default judgment, defendant's counsel was unaware of the requirements of RCFC 12(a) concerning filing of an answer following denial of a motion to dismiss. Defendant's counsel did not willfully fail to timely answer and did not willfully violate the Court's rules, but was negligently unaware of the pertinent rule. The reason for failure to timely file an answer is not, as Mr. Kawa asserts, because the Government cannot in good faith deny the factual statements in the complaint. Pl. Mot. ¶ 10.

In sum, Mr. Kawa has not been and will not be prejudiced by the failure to timely answer, the United States has a meritorious defense to this action, and the United States' conduct in failing to answer was not culpable. Accordingly, this Court should deny Mr. Kawa's motion for default judgment.

II. This Court Should Deny Mr. Kawa's Request For Sanctions

RCFC 11 concerns sanctions for representations made by counsel to the Court, not failure to timely file an answer. "The key to rule 11 lies in the certification flowing from the signature to a pleading, motion, or other paper in a lawsuit." Oliveri v. Thompson, 803 F.2d 1265, 1274 (2d Cir. 1986). Rule 11 "does not license a . . . court to sanction any action by an attorney or party that it disapproves of. . . . Imposition of sanctions must be based on a pleading, motion, or other paper signed and filed in federal court." Sakon v. Andreo, 119 F.3d 109, 115 (2d Cir. 1997) (quoting United States v. Int'l Brotherhood of Teamsters, 948 F.2d 1338, 1344 (2d Cir. 1991)). Even if Rule 11 is applicable to the failure to timely file an answer, the circumstances here do not warrant sanctions. As detailed above, the United States' failure to timely file was not willful or intentional, but was an inadvertent mistake. Additionally, in moving for sanctions in his motion for default judgment, Mr. Kawa failed to follow the provisions of RCFC 11(b)(1)(A), requiring that a motion for sanctions be served upon the opposing party and not filed with the Court unless the challenged issue is not appropriately corrected within 21 days of service. If Mr. Kawa had notified counsel on July 13, 2007 that an answer was overdue, defendant's counsel would have taken appropriate steps towards the Government's filing an answer. For these reasons, the Court should deny Mr. Kawa's request for Rule 11 sanctions.

Defendant's counsel will be on medical leave from August 15, 2007 through at least August 27, 2007. Accordingly, concurrently with this response to Mr. Kawa's motion for default judgment, the United States is filing a motion for an enlargement of time, out of time, within which to file its answer.

CONCLUSION

For the reasons set forth above, we respectfully request that this Court deny plaintiff's motion for default judgment and request for Rule 11 sanctions.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ FRANKLIN E. WHITE, JR.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Tel: (202) 353-7978
Fax: (202) 514-8624
Washington, DC 20530

August 15, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2007 a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN