IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, Plaintiff, | ) | |
| v. | ) | No. 06-448 |
| THE UNITED STATES, Defendant. | ) | (Judge George W. Miller ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME, OUT OF TIME, WHITHIN WHICH TO FILE ITS ANSWER**

Plaintiff, Michael Kawa, Esq. ("plaintiff" or "Mr. Kawa"), respectfully requests that this Court deny defendant's motion for an enlargement of time. The defendant now seeks a 53 day extension to allegedly prepare and file its answer. On August 15, 2007 the defendant also filed its response to plaintiff's motion for default judgment but failed to attach any proposed answer, which is customary in responding to a motion for default judgment. Instead, the defendant summarizes in part its reasons why its failure to answer was a result of excusable neglect, and further contends that an answer cannot be filed because defendant's counsel will be off on medical leave. While plaintiff is sympathetic to counsel's plight, plaintiff is not sympathetic to the "blame game".

The defendant's counsel contends that since she was assigned to the case in March 2007, she has been actively working on the case but was focused upon settlement rather than litigation. However, in its response to plaintiff's motion for default judgment at page 4, the defendant boldly asserts that "Certainly, Mr. Kawa's complaint and his response to the United States motion to dismiss do not provide any basis for relief pursuant to RCFC 55(b)".

Next, defendant's counsel attempts to blame plaintiff's counsel for never advising her to file an answer. In the response to the default motion, defendant's counsel even insinuated that the Court is at fault since it did not give her instruction on when to file her answer. Upon information and belief defendant's counsel has a review process with experienced attorneys whom are well aware of the rules.

What the defendant fails to discuss is that this Court, pursuant to an agreement between the parties set a 90 day limit on discovery to begin with pursuant to an agreement of the parties and after a lengthy conference. There is no justification as to why counsel could not have filed an answer with its response instead of asking for an extension that covers more than one half of the discovery period.

Clearly, even if there was initially excusable neglect, there was sufficient time for counsel to prepare an answer between the time that the default motion was filed and the time the response was filed. Surely, if plaintiff's counsel was faced with the same dilemma, which is malpractice, he would have "moved mountains" not to further burden this Court or the parties. Counsel should have worked around the clock if necessary after committing this grave mistake instead of blaming everyone else.

Accordingly it is requested that the Court denied the defendant's request for an extension.

Dated: August 24, 2007

Respectfully submitted,

s/ Joseph A. Camardo, Jr.
Joseph A. Camardo, Jr.
Camardo Law Firm, P.C.
127 Genesee Street
Auburn, New York 13021
Tel: (315) 252-3846
Fax: (315) 252-3508

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on the 24th day of August, 2007, I caused a copy of plaintiff Michael Kawa's response to defendant's motion for an enlargement of time, out of time within which to file its answer to be filed with the Clerk of the United States Court of Federal Claims, using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Meredyth Dawn Cohen
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005

s/Joseph A. Camardo, Jr.
Joseph A. Camardo, Jr.