IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>No. 06-448<br><br>(Judge George W. Miller ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Michael Kawa, Esq. ("plaintiff" or "Mr. Kawa"), replies to the defendant's response to plaintiff's motion for default judgment.

1. The defendant's counsel requests that this Court deny plaintiff's motion for default judgment by attempting to establish excusable neglect. Defendant's counsel blames plaintiff's counsel and this Court for not advising that she had an obligation to file an answer after the motion to dismiss was denied. It is respectfully submitted that defendant is attempting to "grind down" the plaintiff. The pre-answer motion to dismiss that was denied improperly went to the merits of the case, causing an expenditure of additional time and attorney fees. As noted in the defendant's responding papers, the case was originally filed in June 6, 2006. It is now August 24, 2007 and yet no answer has been filed in this case. Between the time that plaintiff filed its motion for default and the time that defendant filed its response, clearly defendant had ample time to attach a proposed answer instead of blaming plaintiff's counsel and this Court for her own neglect.

2. Defendant also contends that she has been spending time in attempting to resolve the case. However on page 4 of its response to the defendant boldly represents that "Certainly, Mr. Kawa's complaint in his response United States' motion to dismiss do not provide any basis for relief pursuant to RCFC 55(b)

3. Defendant's counsel asserts that the Court did not address the deadline for the filing of the government's answer and then chastises plaintiff's counsel for not advising her accordingly. Then defendant's counsel also represents that she was unaware of this Court's rules (RCFC 12(a)) that an answer had to be filed within 10 days of notice of the Court's denial of the motion to dismiss. Counsel fails to mention that her work is reviewed by superiors who I believe are well aware of this Court's rules. Even more troubling is a footnote found at the bottom of page 3 of the response which states in part ***"In at least one other Court of Federal Claims case handled by defendant's counsel, the court set an answer deadline in its order that denied defendant's motion to dismiss".*** What is troubling here is that when the Court did not set a deadline, which it did not have an obligation to do because the rules are clear, she should have been alerted to a problem which makes the alleged neglect an intentional act.

4. Again, there was sufficient time between the filing of the motion for default and the response made by defendant to file a proposed answer to the complaint. Plaintiff submits that a proposed answer should be reviewed by this Court to render a determination as to whether the government has a meritorious defense especially in light of the signing requirements under RCFC 11. The government has therefore offered no meritorious defense argument since it did not attach a proposed answer.

5. Instead of blaming everybody else for her dilemma, counsel should have gone to work and filed a proposed answer with its response instead of wasting time blaming plaintiff's counsel or this Court. This would be especially important in light of the strict time deadline that the Court has already set in this case. This Court after a lengthy conference with both parties and after the input from both parties set a relatively tight discovery schedule of 90 days. Now counsel boldly steps forward and wants to gobble up a chunk of that time at her leisure to file an answer and at the expense of plaintiff.

6. Mr. Kawa, an attorney, was the one that was identified in a government contract to be paid. There is no dispute as to that issue. The government made yet another mistake and did not pay Mr. Kawa as it promised. Now the government does not want to do the right thing and pay Mr. Kawa but continues to "grind down" Mr. Kawa in hopes of benefiting on yet another mistake. If these mistakes were made by the plaintiff or its counsel, and we played the blame game, we would be reprimanded by the Court. Even if Mr. Kawa continues to overcome all the government imposed obstacles to obtain payment that is due him, he may be further prejudiced by the delay because of the CDA interest issue as ruled on in the JGB case.

Dated: August 24, 2007

Respectfully submitted,

s/ Joseph A. Camardo, Jr.
Joseph A. Camardo, Jr.
Camardo Law Firm, P.C.
127 Genesee Street
Auburn, New York 13021
Tel: (315) 252-3846
Fax: (315) 252-3508

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on the 24th day of August, 2007, I caused a copy of plaintiff Michael Kawa's reply to defendant's response to plaintiff's motion for default judgment to be filed with the Clerk of the United States Court of Federal Claims, using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Meredyth Dawn Cohen
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005

s/Joseph A. Camardo, Jr.
Joseph A. Camardo, Jr.