# In the United States Court of Federal Claims

| | |
|---|---|
| MICHAEL KAWA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-448 C<br><br>Filed August 31, 2007 |

## ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment ("Pl.'s Mot.," docket entry 26), filed August 9, 2007, and Defendant's Motion for an Enlargement of Time, Out of Time, Within Which to File Its Answer ("Def.'s Mot.," docket entry 28), filed August 15, 2007.

In its motion, plaintiff requested that the Court enter default judgment against the defendant in light of defendant's failure to file an answer within ten days of the Court's denial of defendant's motion for summary judgment. Pl.'s Mot. 3. In the alternative, plaintiff requested that the Court, pursuant to Rule 11 of the Rules of the Court of Federal Claims ("RCFC"), order defendant to pay plaintiff's expenses and attorneys' fees incurred as a result of being "forced" to file its motion for entry of default. *Id.* at 1. The basis for the request was said by plaintiff's counsel to be that "the complaint is so detailed in nature that defendant cannot deny in good faith under RCFC 11 the statements made therein," adding that "[i]t is believed that the government has chosen not to answer the complaint for this reason." *Id.* at 3.

Counsel for defendant pointed out in Defendant's Response to Plaintiff's Motion for Default Judgment ("Def.'s Resp.," docket entry 27), filed August 15, 2007, that counsel had failed to follow the procedures set forth in Rule 11 to ripen such a request for sanctions under that rule. Def.'s Resp. 6; *see* RCFC 11(b)(1)(A). Counsel for defendant candidly acknowledged that she had inadvertently overlooked the requirement of RCFC 12(a) that defendant has ten days to file its answer after its motion to dismiss is denied, which, in this case, occurred on June 28, 2007. *Id.* at 3. Finally, counsel for defendant represented that she would "be on medical leave from August 15, 2007 through at least August 27, 2007." *Id.* at 6. As a result, counsel stated that concurrently with an opposition to plaintiff's motion for entry of default "the United States is filing a motion for an enlargement of time, out of time, within which to file its answer." *Id.* The

Government sought an extension of time until Tuesday, September 4, 2007, and stated that it would not object to a request by plaintiff "for an extension of the discovery period to provide adequate time for him to review the answer and prepare discovery requests accordingly." *Id.* at 4. In its opposition ("Pl.'s Opp'n," docket entry 29), filed August 24, 2007, plaintiff asked the Court to deny defendant's motion. Plaintiff stated, through counsel, "While plaintiff is sympathetic to counsel's plight, counsel is not sympathetic to the 'blame game.'" Pl.'s Opp'n 1. Counsel for plaintiff went on to state that if he had been faced with the same situation, "he would have 'moved mountains' not to further burden this Court or the parties. Counsel would have worked around the clock if necessary after committing this grave mistake instead of blaming everyone else." *Id.* at 2.

The Court was not pleased to learn that counsel for plaintiff did not contact counsel for defendant regarding defendant's overdue answer before filing its motion for entry of default. Had counsel done so, the Court would hope and expect that the parties would have reached agreement on a date for defendant to file its answer, and the matter would have been resolved, as it should have been, in an expeditious and civil manner, without the necessity for filing a motion for entry of default.

The overheated rhetoric quoted above goes beyond the bounds of civility. *See, e.g.,* Paul L. Friedman, *Judges' Forum No. 2: Taking the High Road: Civility, Judicial Independence, and the Rule of Law*, 58 N.Y.U. ANN. SURV. AM. L. 187, 193 (2001) ("In terms of the tone of our profession, lawyers must be reminded that they can be advocates for their clients without assuming their clients' personalities, antipathies and tactics."). This controversy is, to put the matter most charitably, a tempest in a teapot. As Chief Judge Dennis Jacobs of the U.S. Court of Appeals for the Second Circuit stated recently in a somewhat different context, this is not a controversy "that should occupy the mind of a person who has anything consequential to do." *Husain v. Springer*,--- F.3d ----, 2007 WL 2020028, at *70 (2nd Cir. July 13, 2007).

In light of the foregoing, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for default judgment and its request for attorneys fees is **DENIED**.

2. Defendant's motion for extension of time, out of time, within which to file its answer is **GRANTED**, and defendant shall have until **Tuesday, September 4, 2007**, within which to file its answer to plaintiff's amended complaint.

3. In the future, counsel shall first discuss among themselves any similar matters that may arise as the litigation goes forward—with a view toward reaching agreement. If counsel are unable to reach agreement, they shall contact chambers so that the Court may promptly

schedule a telephonic status conference with counsel in order to resolve any such matters expeditiously.

**IT IS SO ORDERED**.

s/ George W. Miller
GEORGE W. MILLER
Judge