IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE

For its answer to the Second Amended Complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in the first and third sentences of paragraph 1. Denies the allegations contained in the second sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in the first sentence of paragraph 5. Admits the allegations contained in the second sentence of paragraph 5 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5. Denies that an appeal by the United States is still pending and avers that the United States Court of Appeals for the Federal Circuit issued its decision in the appeal on August 2, 2007.

6. The allegations contained in the first and second sentences of paragraph 6 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the third sentence of paragraph 6 that the Government made payment to Capital City; denies the remainder of the allegations contained in the third sentence of paragraph 6. The allegations contained in the fourth sentence of paragraph 6 constitute plaintiff's characterization of this action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegation contained in paragraph 7 that the United States did not attempt to join Mr. Kawa as a party to the JGB litigation. The remaining allegations contained in paragraph 7 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in the first two sentences of paragraph 8. Admits that during 1999, Capital City received several sole source contracts and purchase orders from DSCC to supply hose assemblies for which JGB was the manufacturer; denies the remainder of the allegations contained in the third sentence of paragraph 8.

9. Denies the allegations contained in the first sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 9 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 9. Admits the allegations contained in the third sentence of paragraph 9 to the extent supported by the facsimile cited, which is the best evidence of its contents; otherwise

denies the allegations contained in the third sentence of paragraph 9.

10. Admits the allegations contained in the first and second sentences of paragraph 10 to the extent supported by the quotation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 10. Denies the allegations contained in the third sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth sentence of paragraph 10 to the extent supported by the offer cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Denies the allegations contained in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 14.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in the first and second sentences of paragraph 18 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 18. Denies the allegations contained in the third sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 19. The allegations contained in the second, third, fourth, and fifth sentences of paragraph 19 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the sixth sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the seventh sentence of paragraph 19.

20. Denies the allegation contained in the first sentence of paragraph 20 that "the conflict between the November 9, 1999, letter and the November 10, 1999, letter caused 'confusion'" for lack of knowledge or information sufficient to form a belief as to its truth. Admits the remainder

of the allegations contained in the first two sentences of paragraph 20 to the extent supported by the facsimile cited, which is the best evidence of its contents; otherwise denies the allegations contained in the remainder of the first two sentences of paragraph 20. Denies the allegations contained in the third, fourth, and fifth sentences of paragraph 20.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegation that "[o]n November 19, 1999 Contracting Officer Bocsy viewed the entry for Capital City in the Central Contractor Registry ("CCR")" for lack of knowledge or information sufficient to form a belief as to its truth. Admits the remainder of the allegations contained in the first sentence of paragraph 22 to the extent supported by the entry cited, which is the best evidence of its contents; otherwise denies the allegations contained in the remainder of the first sentence of paragraph 22. Denies the allegations contained in the second sentence of paragraph 22.

23. Admits the allegations contained in the first three sentences of paragraph 23. Denies the allegations contained in the fourth and fifth sentences of paragraph 23.

24. Admits the allegation contained in the first sentence of paragraph 24 that DSCC awarded Purchase Order 4191 to Capital City on November 24, 1999; denies the remainder of the allegations contained in the first sentence of paragraph 24. Admits the allegations contained in the second sentence of paragraph 24 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 24. Admits the allegation contained in the third sentence of paragraph 24 that Ms. Bocsy personally typed Mr. Kawa's name and address into Purchase Order 4191; denies the

remainder of the allegations contained in the third sentence of paragraph 24. Admits the allegations contained in the fourth sentence of paragraph 24 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 24.

25. Denies the allegations contained in the first sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second, third, fourth, and fifth sentences of paragraph 25.

26. Admits the allegations contained in the first four sentences of paragraph 26 to the extent supported by the purchase order and other documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first four sentences of paragraph 26. Denies the allegations contained in the fifth sentence of paragraph 26. Admits the allegation contained in the sixth sentence of paragraph 26 that the "Government needed the hose assemblies 'ASAP'" to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise denies the allegation. Denies the allegations contained in the remainder of the sixth sentence of paragraph 26.

27. Admits the allegations contained in the first sentence of paragraph 27. Admits that Mr. Taylor and Ms. Moore generally discussed the escrow or joint account approach; denies the remainder of the allegations contained in the second and third sentences of paragraph 27. Denies the allegations contained in the fourth sentence of paragraph 27.

28. Admits the allegation contained in the first sentence of paragraph 28 that the items were shipped for Purchase Order 4191 to the Defense Department Depot on February 8, 2000; denies the remainder of the allegations contained in the first sentence of paragraph 28 for lack of

knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 28 that the DD-250s are requisite shipping documents that have been authorized by the government; denies the remainder of the allegations contained in the second sentence of paragraph 28. Admits the allegation contained in the third sentence of paragraph 28 that the Government accepted material under Purchase Order 4191; denies the remainder of the allegations contained in the third sentence of paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29. Denies the allegation contained in the first sentence of paragraph 29 that the alleged signing showed “a regular course of conduct.”

30. Denies the allegations contained in the first sentence of paragraph 30. Admits the allegations contained in the second sentence of paragraph 30 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 30. Denies the allegations contained in the third sentence of paragraph 30. Denies the allegations contained in the fourth sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fifth sentence of paragraph 30. Denies the allegations contained in the sixth sentence of paragraph 30. Admits the allegations contained in the seventh sentence of paragraph 30 to the extent supported by the affidavit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the seventh sentence of paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations

contained in paragraph 31.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. Admits the allegations contained in the first sentence of paragraph 33. Denies the allegation contained in the second sentence of paragraph 33, that JGB had conditioned shipment on Capital City's payment being made to Mr. Kawa for lack of knowledge or information sufficient to form a belief as to its truth; denies the remainder of the second sentence of paragraph 33.

34. Admits the allegations contained in the first two sentences of paragraph 34 to the extent supported by the April 5, 2000 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first two sentences of paragraph 34. Denies the allegations contained in the third sentence of paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Denies the allegations contained in the first and third sentences of paragraph 36. Admits the allegations contained in the second sentence of paragraph 36.

37. Admits the allegation contained in paragraph 37 that, on April 24, 2000, the Government directly paid, by EFT, the amounts due under the Purchase Order to Capital City. Defendant avers that the Government had no legal obligation to inform Mr. Kawa of the EFT payment.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Admits the allegations contained in the first three sentences of paragraph 40 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first three sentences of paragraph 40. Denies the allegations contained in the fourth sentence of paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Admits the allegations contained in paragraph 41 to the extent supported by the statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Defendant's responses to paragraphs 1 through 41 of the second amended complaint are incorporated by reference.

43. Denies the allegations contained in the first sentence of paragraph 43. Admits the allegations contained in the second sentence of paragraph 43 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 43. Denies the allegations contained in the third sentence of paragraph 43 for lack of knowledge of information sufficient to form a belief as to its truth. Admits that the Government urgently needed hoses; denies the remainder of the allegations contained in the fourth sentence of paragraph 43. Denies the allegation that it was "[p]ursuant to the escrow agreement" that Capital City notified the contracting officer for lack of knowledge or information sufficient to form a belief as to its truth. Admits the remainder of the allegations in the fifth sentence of paragraph 43 to the extent supported by the notifications cited,

which are the best evidence of their contents; otherwise denies the remainder of the allegations in the fifth sentence of paragraph 43. Denies the allegations contained in the sixth sentence of paragraph 43. Admits the allegations contained in the seventh sentence of paragraph 43 to the extent supported by the message cited, which is the best evidence of its contents; otherwise denies the allegations in the seventh sentence of paragraph 43. Denies the allegations contained in the eighth sentence of paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44. The allegations contained in the first sentence of paragraph 44 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 44. Admits the allegations contained in the fourth sentence of paragraph 44 to the extent supported by the purchase order cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 43. Admits the allegations contained in the fifth sentence of paragraph 44. Denies the allegations contained in the sixth and seventh sentences of paragraph 44.

45. The allegations contained in the first sentence of paragraph 45 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 45 that Ms. Bocsy typed Mr. Kawa’s name and address into the purchase order; denies the remainder of the allegations contained in the second sentence of paragraph 45. The allegations contained in the third sentence of paragraph 45 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46. Admits the allegation contained in the first sentence of paragraph 46 that the product was delivered; the remainder of the allegations contained in the first sentence of paragraph 46 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 46 that the Government accepted the material under the purchase order; denies the remainder of the allegations contained in the second sentence of paragraph 46. Denies the allegations contained in the third sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. The allegations contained in the first sentence of paragraph 47 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second, third and fourth sentences of paragraph 47 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second, third and fourth sentences of paragraph 47. Admits the allegation contained in the fifth sentence of paragraph 47 that payment was sent directly to Capital City but avers that it was on April 24, 2000; denies the remainder of the allegations contained in the fifth sentence of paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Defendant's responses to paragraphs 1 through 48 of the second amended complaint are incorporated by reference.

50. The allegations contained in the first two sentences of paragraph 50 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of

paragraph 50 the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 50.

51. Denies the allegations contained in the first sentence of paragraph 51. Denies the allegation contained in the second sentence of paragraph 51 that it was "pursuant to this agreement" that Capital City notified the Government for lack of knowledge or information sufficient to form a belief as to its truth; admits the remainder of the allegations contained in the second sentence of paragraph 51 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the remainder of the second sentence of paragraph 51. Denies the allegation contained in the third sentence of paragraph 51 that "this instruction caused confusion" for lack of knowledge or information sufficient to form a belief as to its truth; admits the remainder of the allegations contained in the third sentence of paragraph 51 to the extent supported by the letter cited in paragraph 19 and the facsimile cited in paragraph 20; otherwise denies the allegations contained in the remainder of the third sentence of paragraph 51. Admits the allegation contained in the fourth sentence of paragraph 51 that the contracting officer personally typed Mr. Kawa's name and address into the purchase order; denies the remainder of the allegations contained in the fourth sentence of paragraph 51.

52. Denies the allegations contained in the first three sentences of paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the fourth sentence of paragraph 52 that it was "pursuant to this agreement" that Capital City made the request for lack of knowledge or information sufficient to form a belief as to its truth; admits the remainder of the allegations contained in the fourth sentence of paragraph

52 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the remainder of the fourth sentence of paragraph 52. Denies the allegation contained in the fifth sentence of paragraph 52 that "this instruction caused confusion" for lack of knowledge or information sufficient to form a belief as to its truth; admits the remainder of the allegations contained in the third sentence of paragraph 52 to the extent supported by the letter cited in paragraph 19 and the facsimile cited in paragraph 20; otherwise denies the allegations contained in the remainder of the third sentence of paragraph 52. Denies the allegations contained in the sixth sentence of paragraph 52.

53. Denies the allegations contained in paragraph 53.

54. The allegations contained in the first second, and fourth sentences of paragraph 54 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55. Denies the allegations contained in paragraph 55.

56. The allegations contained in the first sentence of paragraph 56 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 56. Denies the allegation contained in the third sentence of paragraph 56 that Ms. Bader was notified that Mr. Kawa was an escrow agent; denies the allegation contained in the third sentence of paragraph 56 that Ms. Bader "did not object to payment being made to Michael Kawa, Esq. at the Syracuse, New York address" for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the fourth sentence of paragraph 56 to

the extent supported by the purchase order cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 56. Admits the allegation contained in the fifth sentence of paragraph 56 that payment was made to Capital City, not to Michael Kawa; denies the remainder of the allegations contained in the fifth sentence of paragraph 56. Denies the allegations contained in the sixth and seventh sentences of paragraph 56.

57. Defendant's responses to paragraphs 1 through 56 of the second amended complaint are incorporated by reference.

58. The allegations in paragraph 58 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in the first and second sentences of paragraph 59 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 59 that Ms. Bocsy signed the purchase order and that Ms. Bocsy personally typed Mr. Kawa's name and address into the purchase order; denies the remainder of the allegations contained in the third sentence of paragraph 59. Denies the allegations contained in the fourth sentence of paragraph 59.

60. Denies the allegations contained in the first sentence of paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 60.

61. Admits the allegations contained in the first sentence of paragraph 61. Denies the allegations contained in the second, third, and fourth sentences of paragraph 61.

62. Defendant's responses to paragraphs 1 through 61 of the second amended complaint are incorporated by reference.

63. Denies the allegations contained in the first two sentences of paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 63.

64. Denies the allegations contained in the first two sentences of paragraph 64. Denies the allegation contained in the third sentence of paragraph 64 that the plan was "orchestrated by the Government;" denies the remainder of the third sentence of paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth sentence of paragraph 64. Denies the allegation contained in the fifth sentence of paragraph 64 that "confusion was noted by the Contracting Officer" for lack of knowledge of information sufficient to form a belief as to its truth; admits the remainder of the allegations contained in the fifth sentence of paragraph 64 to the extent supported by the purchase order cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 64.

65. The allegation contained in the first sentence of paragraph 65 that "[t]here was consideration" constitutes a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegations contained in the remainder of the first sentence of paragraph 65 to the extent supported by the purchase order cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the first sentence of paragraph 65. Denies the allegations contained in the second sentence of paragraph 65 for lack of knowledge or information sufficient to form a belief as to

their truth. Denies the allegations contained in the third sentence of paragraph 65. Denies the allegations contained in the fourth sentence of paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. The allegations contained in the first sentence of paragraph 66 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation contained in the second sentence of paragraph 66 that the escrow agreement was "prepared at the suggestion of Government officials;" admits the remainder of the allegations contained in the second sentence of paragraph 66 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the second sentence of paragraph 66. Admits the allegation contained in the third sentence of paragraph 66 that Ms. Bocsy typed Mr. Kawa's name and address into the purchase order; denies the remainder of the allegations contained in the third sentence of paragraph 66. The allegations contained in the fourth sentence of paragraph 66 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fifth sentence of paragraph 66.

67. The allegations contained in the first sentence of paragraph 67 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 67. Admits the allegation contained in the third sentence of paragraph 67 that the government accepted material under the purchase order; denies the remainder of the allegations contained in the third sentence of paragraph 67. Denies the allegations contained in the fourth

sentence of paragraph 67.

68. Denies the allegations contained in the first sentence of paragraph 68. Admits the allegations contained in the second, third, fourth, and fifth sentences of paragraph 68 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second, third, fourth, and fifth sentences of paragraph 68. Admits the allegation contained in the sixth sentence of paragraph 68 that payment was sent directly to Capital City, but avers that it was on April 24, 2000; denies the remainder of the allegations contained in the sixth sentence of paragraph 68.

69. Denies the allegations contained in paragraph 69.

70. Defendant's responses to paragraphs 1 through 69 of the second amended complaint are incorporated by reference.

71. Denies the allegations contained in the first sentence of paragraph 71. Admits the allegations contained in the second sentence of paragraph 71 to the extent supported by the purchase order cited, which is the best evidence of its contents; otherwise denies the allegations in the second sentence of paragraph 71. Denies the allegation contained in the third sentence of paragraph 71 that the Government suggested Mr. Kawa be named escrow agent; admits that Mr. Kawa was named escrow agent to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies that Mr. Kawa was named escrow agent. Denies the remainder of the allegations contained in the third sentence of paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth sentence of paragraph 71. The allegation contained in the fifth sentence of paragraph 71 that Ms. Bocsy had authority to bind the Government constitutes a conclusion of

law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; admits the allegation contained in the fifth sentence of paragraph 71 that Ms. Bocsy personally typed Mr. Kawa's name into the purchase order; denies the remainder of the allegations contained in the fifth sentence of paragraph 71. Denies the allegations contained in the sixth sentence of paragraph 71.

72. Denies the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth.

74. Denies the allegations contained in the first, third, fourth, sixth, and seventh sentences of paragraph 74. Admits the allegations contained in the second sentence of paragraph 74 to the extent supported by the purchase order cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second, third, and fourth sentences of paragraph 74. Admits the allegation contained in the fifth sentence of paragraph 74 that payment was made to Capital City; denies the remaining allegations contained in the fifth sentence of paragraph 74.

75. The allegations contained in the first, third, and fourth sentences of paragraph 75 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 75 for lack of knowledge or information sufficient to form a belief as to their truth.

76. Defendant's responses to paragraphs 1 through 75 of the second amended complaint are incorporated by reference.

77. The allegations contained in paragraph 77 are conclusions of law to which no answer

is required; to the extent they are deemed to be allegations of fact, they are denied.

78. Denies the allegations contained in paragraph 78.

79. Denies the allegations contained in paragraph 79.

80. Denies that plaintiff is entitled to the relief set forth in the wherefore clause immediately following paragraph 79, or to any relief whatsoever.

81. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

1. Plaintiff's claim is barred by the doctrine of res judicata.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ FRANKLIN E. WHITE, JR.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Tel: (202) 353-7978
Fax: (202) 514-8624
Washington, DC 20530

September 4, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2007 a copy of the foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN