IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, the parties, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

**(a) Does the court have jurisdiction over the action?**

Plaintiff believes that the Court possesses jurisdiction. For the reasons set forth in its supplemental motion to dismiss, filed on December 19, 2006, defendant believes that the Court lacks jurisdiction. Defendant's motion to dismiss on jurisdictional grounds was denied.

**(b) Should the case be consolidated with any other case and, if so, why?**

The parties agree that this case should not be consolidated with any other case.

**(c) Should the trial of liability and damages be bifurcated and, if so, why?**

The parties agree that the trial should not be bifurcated into liability and damages.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

The parties agree that the proceedings in this case should not be deferred.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

The parties do not believe that remand or suspensions will be sought.

**(f) Will additional Parties be joined?**

The parties do not anticipate that additional parties will be joined.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

Defendant has already filed a motion to dismiss pursuant to RCFC 12(b), which was denied. Neither party intends to file a motion pursuant to RCFC 12(c). Plaintiff has not yet determined whether he will file a motion pursuant to RCFC 56, but if he chooses to do so, he will file it within 60 days after the close of discovery. Defendant will file a motion pursuant to RCFC 56 within 60 days after the close of discovery. Opposition briefs shall be filed within 30 days after service of an RCFC 56 motion, and reply briefs shall be filed with 14 days after service of the opposition.

**(h) What are the relevant factual and legal issues?**

**(i) Plaintiff's statement of relevant issues**

Michael Kawa, Esq. ("Mr. Kawa") seeks payment personally due to him as a third party beneficiary, assignee, and under express and implied contracts with the Government relating to Purchase Order SP0750-00-M-4191 ("Purchase Order 4191"). Irregardless of his duties to disburse such payment to others, Mr. Kawa is asserting his personal and independent rights to receive payment from the Government. The payment clause of Purchase Order 4191 clearly stated:

> REMIT PAYMENT TO:
>
> MICHAEL KAWA, ESQ.
> 300 CROWN BLDG
> 304 S. FRANKLIN ST.
> SYRACUSE NY 13202

Michael Kawa was an escrow agent authorized to collect payment on behalf of both Capital City Pipes ("Capital City"), prime contractor on Purchase Order 4191, and JGB Enterprises ("JGB"), subcontractor on Purchase Order 4191. Purchase Order 4191 was issued by Defense Supply Center Columbus ("DSSC") and the use of an escrow agent had been suggested by DSSC Small Business Representative Michael Taylor. After a request by Capital City Pipes, Contracting Officer Bocsy placed Mr. Kawa's name into Purchase Order 4191 knowing that payment under the Purchase Order would be sent to Mr. Kawa. Later, Contracting Officer Bocsy was replaced by Contracting Officer Moore.

On March 24, 2000, Contracting Officer Moore sent an "ALERT" message to Capital City's "ACO" at "DCMC Clearwater" with an attached list of all contracts and purchase orders awarded to Capital City, including Purchase Order 4191. DCMC Clearwater was the office administering Purchase Order 4191, as stated on the face of the Purchase Order. Moore requested that the ACO "maintain surveillance" of these contracts/orders. Moore's March 24, 2000, ALERT message to the ACO concluded as follows:

> THIS SERVES AS AUTHORIZATION FOR THE ACO TO TAKE WHATEVER CONTRACTUAL ACTIONS NECESSARY TO KEEP THESE ORDERS VIABLE. THE MATERIAL ON THESE CONTRACTS ARE [sic] URGENTLY NEEDED.

On April 5, 2000, Capital City contacted Contracting Officer Kathy M. Bader, at DCMC St. Petersburg, Florida, regarding another contract involving JGB and Capital City, informing Ms. Bader that:

> 1. Mr. Michael Kawa, Esq. is an attorney and Capital City Pipes President and CEO Mr. Lee Gilliam and JGB Enterprises, Inc President/ CEO Mr. Jay Bernhardt signed an agreement to utilize Mr. Michael Kawa, ESQ as a go-between on this contract.

For unknown reasons, after acceptance the goods covered by Purchase Order 4191 by the Government, and after notification was made to the Government of Mr. Kawa's status, payment was not made to Mr. Kawa as called for by the Purchase Order. Mr. Kawa has accordingly brought suit to enforce his personal rights under Purchase Order 4191.

**Factual issues include**:

1. The exact knowledge that Contracting Officer Bocsy possessed regarding Mr. Kawa when she placed his name in the payment clause of Purchase Order 4191.

2. Contracting Officer Moore's knowledge regarding Mr. Kawa at the time the Government accepted the materials under Purchase Order 4191.

3. Contracting Officer Moore's knowledge regarding Mr. Kawa at the time that the Government erroneously failed to make payment to Mr. Kawa under Purchase Order 4191.

4. The events surrounding the "ALERT" message sent by Contracting Officer Moore to DCMC Clearwater Florida, the knowledge of personnel at DCMC Clearwater regarding Mr. Kawa, any "contractual actions" actually taken by the "ACO" in response to the "ALERT," and communications between personnel at DCMC Clearwater and Contracting Officer Moore are all unresolved issues of fact.

5. Whether the April 5, 2000 notification from Capital City to Kathy Bader at DCMC Clearwater put the Government on notice of Mr. Kawa's role in Purchase Order 4191, and whether Ms. Bader informed Ms. Moore of the communications she had received from Capital City.

**Legal issues include:**

1. Whether the Contracting Officer's action of placing Mr. Kawa's name and address into the Payment Clause of Purchase Order 4191, knowing that this would result in

payment being sent to Mr Kawa, rendered Mr. Kawa a third party beneficiary under Purchase Order 4191.

2. Whether the Government ratified the third party beneficiary status of Mr. Kawa, by accepting the hose assemblies produced under a Purchase Order naming Mr. Kawa as payee, and by receiving ample notice of Mr. Kawa's status before making payment on Purchase Order 4191.

3. Whether the Government entered into Express or Implied Contracts with Mr. Kawa by placing Mr. Kawa's name and address into the Payment Clause of Purchase Order 4191, in order that they could receive urgently needed supplies.

4. Whether the Government ratified the contracts with Mr. Kawa, by accepting the hose assemblies produced under a Purchase Order naming Mr. Kawa as payee, and by receiving ample notice of Mr. Kawa's status before making payment on Purchase Order 4191.

5. Whether the Government recognized the assignment made by Capital City when it placed Mr. Kawa's name and address into the Payment Clause of Purchase Order 4191, at the request of Capital City.

6. Whether the Government ratified the assignment to Mr. Kawa, by accepting the hose assemblies produced under a Purchase Order naming Mr. Kawa as payee, and by receiving ample notice of Mr. Kawa's status before making payment on Purchase Order 4191.

7. Whether Mr. Kawa, the party named in the payment clause of Purchase Order 4191, may recover the payment due from the Government under Purchase Order 4191, as a third party beneficiary, assignee, or contracting party.

**(ii) Defendant's statement of relevant issues**

The plaintiff, Michael Kawa, Esq., alleges that, pursuant to an escrow agreement between prime contractor Capital City Pipes, Inc. ("Capital City") and subcontractor JGB Enterprises, Inc. ("JGB"), Mr. Kawa served as an escrow agent for receipt of payments due to Capital City for manufacture and delivery of hose assemblies pursuant to several contracts between the United States and Capital City. In his complaint, Mr. Kawa seeks the amount of money that was allegedly owed to JGB by Capital City for work performed under SP0750-00-M-4191 ("Purchase Order 4191" or "PO 4191").

This case is related to JGB Enterprises, Inc. v. United States, 63 Fed. Cl. 319 (2004). In that case, among other things, JGB sought monies owed for work performed under PO 4191 directly against the United States. Following trial, the Court found that JGB was not a third-party beneficiary of PO 4191 because the pre-award contracting officer for PO 4191, Lu Ann Bocsy, was not aware of Mr. Kawa's role as an escrow agent. JGB, 63 Fed. Cl. at 334-35. Accordingly, the Court entered judgment in favor of the Government upon JGB's PO 4191 claim.

The legal issues in this case are:

1. Whether Mr. Kawa possesses standing to bring his claims.

2. Whether Mr. Kawa is a real party in interest in this case.

3. Whether Mr. Kawa's claims are barred by the doctrine of res judicata.

4. Whether Mr. Kawa entered into an express or an implied-in-fact contract with the United States.

5. Whether Mr. Kawa was a third-party beneficiary to PO 4191.

6. Whether Capital City assigned its right to payment under PO 4191 to Mr. Kawa.

7. Whether the United States recognized an assignment of Capital City's right to payment to Mr. Kawa under PO 4191.

8. Whether Mr. Kawa is entitled to damages, and, if so, to what amount Mr. Kawa is entitled.

In its June 28, 2007 order on defendant's supplemental motion to dismiss, the Court determined that 10 U.S.C. § 2785 does not provide a basis for the Court's jurisdiction over this action because the statute is not money-mandating. Kawa v. United States, 77 Fed. Cl. 294, 301-02 (2007). Thus, the United States' alleged violation of 10 U.S.C. § 2785 is no longer at issue in this case. In the same order, the Court indicated that, based upon CO Bocsy's testimony in JGB, it is "doubtful that plaintiff could show an intent by CO Bocsy to contract with him," id. at 303 n.4, and that "it is doubtful plaintiff could prove that CO Bocsy intended to benefit him or that his reliance on the remittance clause in Purchase Order 4191 was reasonable." Id. at 305 n.5.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties have had several settlement discussions and are continuing to discuss the possibility of settlement. The parties do not contemplate engaging in alternative dispute resolution at this time.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

The parties anticipate that this case will be tried unless it is resolved upon dispositive motions or settled. The parties do not request expedited trial scheduling.

**(k) Are there special issues regarding electronic case management needs?**

Neither party is aware of any special electronic case management needs.

**(l) Is there any other information of which the court should be aware of at this time?**

No.

**Discovery Plan**

Pursuant to this Court' September 7, 2007 order, discovery will be completed by December 10, 2007.

Respectfully Submitted,

/s/ JOSEPH A. CAMARDO, JR.
JOSEPH A. CAMARDO, JR.
Camardo Law Firm, P.C.
127 Genesee Street
Auburn, NY 10321
Tel: (315) 252-3846
Fax: (315) 252-3508

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ FRANKLIN E. WHITE, JR.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Tel: (202) 353-7978
Fax: (202) 514-8624
Washington, DC 20530

November 2, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under that on this 2nd day of November, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN