IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448C |
| | ) | |
| THE UNITED STATES, | ) | (Judge George W. Miller ) |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FOURTH MOTION FOR AN ENLARGEMENT OF TIME TO CONDUCT DISCOVERY AND FIRST MOTION FOR PERMISSION TO SERVE ADDITIONAL INTERROGATORIES**

Plaintiff Michael Kawa moves the Court for an enlargement of time until April 30, 2008 to conduct discovery, and for permission to serve additional set of 25 interrogatories upon defendant pursuant to RCFC 33. The reason for this motion is that, as a result of depositions already held in this action, and after service of plaintiff's first set of 25 interrogatories, some fifty (50) pages of completely new and relevant documentation were uncovered. This new documentation raises serious issues regarding the possible destruction or suppression of evidence in the past by the defendant agency, and suggests the possibility of yet more undiscovered documentation. Plaintiff must be given time to ask thorough interrogatories regarding this unexpected trove of documents prior to proceeding with further depositions.

Prior to the commencement of depositions in this matter, it was the position of the Government that all relevant documentation had already been disclosed by the Government in the earlier litigation of JGB v. U.S. Court of Claims No. 01-680C. Accordingly, in initial document discovery in this action the only documents disclosed were identical to those found in the earlier litigation. However, on January 8, 2008,

plaintiff took the depositions of Kathryn Bader, a contracting specialist formerly employed by DCMC St. Petersburg/Clearwater, and Lu Ann Bocsy, a DSSC Columbus Contracting Officer. Ms. Bader had been part of a team that monitored and administrated contracts with Capital City Pipes, including Contract 4191. During this deposition, Ms. Bader mentioned that she had brought certain documents with her to the deposition room, which she had removed from the contract files while at employed at DCMC Clearwater. Ms. Bader indicated that she had personally retained these selected documents for training purposes, as they had to do with an unusual contracting situation. Plaintiff requested that such files be turned over at once, but counsel for defendant asserted that she had to review the documentation first. Counsel for defendant turned over 50 pages that she deemed to be relevant on January 24, 2008, days before the scheduled deposition of Contracting Officer Moore.

Upon review, counsel for plaintiff was amazed to find that nearly every page of this documentation was completely new, and highly relevant. As far as counsel for plaintiff can determine, this material has never been produced before, either in this case or in the JGB litigation. Mr. Kawa's name is pervasive throughout this documentation. For example, this new documentation contains:

a. Numerous documents dated before payment was made on 4191, bearing the address of Defense Supply Center Columbus, pertaining to Contract 2508, entitled "NOTICE OF ASSIGNMENT" and referring to Mr. Kawa.

b. A handwritten note on a DCMC Fax transmittal sheet from Contracting Specialist Bader, dated before payment was made on 4191, indicating "Mike says there is an escrow acct between JGB and Cap. City and Mr. Kawa is the attorney who controls it."

Upon review of the documents, plaintiff's counsel realized that the lack of these documents had placed plaintiff at a considerable disadvantage during the depositions of Ms. Bader and Bocsy. At the time the documents were received, the telephone deposition of former Contracting Officer Moore was less than four (4) business days away, and there was not adequate time to thoroughly review the new documents, prepare a deposition exhibit binder incorporating the new documents, and to transmit such exhibits to the opposing counsel and the deponent. Furthermore, counsel for plaintiff was shocked that any new documents could be surfacing at such a late date. Considering that the particular documents turned over had been previously removed from a file by Ms. Bader for her own training purposes and taken away from DCMC Clearwater/St. Petersburg, plaintiff initially assumed that there must be a voluminous unknown file remaining at DCMC Clearwater/St. Petersburg.

However, in the cover letter transmitting these documents from Ms. Bader, counsel for defendant represented that "Accordingly, all responsive documents from Ms. Bader's file are enclosed . . . Additionally we have completed the search of DCMC's offsite storage facility . . . No responsive documents or other information was found." When counsel for plaintiff spoke with counsel for defendant, counsel for defendant confirmed that despite her diligent efforts, the complete DCMC files from which Ms. Bader took the selected documents could not be found, and she indicated that the files had been destroyed. At this point, it became clear to plaintiff that: 1) a previously unknown DCMC file or files had existed, 2) despite direct relevancy, these files were apparently not turned over in the litigation of JGB v. U.S. Court of Claims No. 01-680C, and 3) at some time prior to the involvement of current counsel for defendant, these files

were destroyed or secreted, despite constant ongoing litigation regarding the Capital City Pipes contracts.

In essence, Ms. Bader unknowingly has preserved a "sample" of these missing files. While even this small sample is relevant (and would have greatly facilitated plaintiff's case in JGB v. U.S.), plaintiff is entitled to determine exactly what DCMC files exist or existed, who was responsible for the DCMC files, how Ms. Bader was able to remove documents from these files, and exactly what happened to these files. Additionally, since plaintiff had been deprived of these new documents at the time of its first set of interrogatories, plaintiff needs an opportunity to ask questions regarding the new documents.

These concerns were shared with counsel for defendant, but Ms. Cohen was unwilling to consent to answering more interrogatories. Regarding the deposition of Ms. Moore that had been scheduled for January 30, 2008, Ms. Cohen was unwilling to consent to a further extension of time to conduct discovery, and stated that Ms. Moore would be traveling during the remaining time before the current discovery cut off of February 10, 2008.

It is respectfully submitted that the impact of the new documents, and the unresolved issues surrounding their sudden appearance, are so serious as to amply justify the requested second set of interrogatories and extension of discovery until April 30, 2008. Just so that there is no misunderstanding, current counsel for defendant has been more than cooperative and has acted in good faith by providing these documents, but now counsel for plaintiff must thoroughly examine how entire agency contract files remained out of sight during years of active litigation. It would not be fair to force plaintiff to

engage in a guessing game by progressing to further motion practice without knowing what evidence is available, and what evidence may have been destroyed.

Furthermore, an extension of time is warranted since counsel for plaintiff has been forced to expend considerable time and energy in recent weeks attempting to obtain payment in regards to the JGB v. U.S. judgment, despite the affirmance of this Court's decision by the Federal Circuit in August of 2007. Apparently, since judgment in that case was rendered under the Tucker Act, neither the Agency nor the Judgment Fund have been willing to pay the judgment, and counsel may be forced to bring another action on behalf of JGB Enterprises.

For the foregoing reasons, plaintiff respectfully requests that the Court grant this motion for an enlargement of time, and extend the time for plaintiff to conduct discovery until April 30, 2008, and plaintiff further respectfully requests that the Court grant plaintiff permission to serve a further 25 interrogatories upon defendant.

Dated: January 30, 2008

**Camardo Law Firm P.C.**

s/Joseph A. Camardo, Jr.
Joseph A. Camardo, Jr.
127 Genesee Street
Auburn, New York 10321
Tel: (315) 252-3846
Fax: (315) 252-3508

Attorney for Plaintiff

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448C |
| | ) | |
| THE UNITED STATES, | ) | (Judge George W. Miller ) |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January 2008, a copy of the foregoing Plaintiff's fourth motion for an enlargement of time to conduct discovery and first motion for permission to serve additional interrogatories was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing though the Court's system.

s/Joseph A. Camardo, Jr.