IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL KAWA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-448C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
FOURTH MOTION FOR AN ENLARGEMENT OF TIME AND
FIRST MOTION FOR PERMISSION TO SERVE ADDITIONAL INTERROGATORIES

Defendant, the United States, respectfully requests that this Court deny Plaintiff's Fourth Motion for an Enlargement of Time and First Motion for Permission to Serve Additional Interrogatories, filed on January 30, 2008.

Plaintiff Michael Kawa asserts that a fourth extension of discovery and additional interrogatories are required because "some fifty (50) pages of completely new and relevant documentation" were recently produced on January 24, 2008. Pl. Mot. at 1. However, we are certain that several of the documents were produced during discovery in J.G.B. Enterprises, Inc. v. United States ("JGB"), Fed. Cl. No. 01-680, and have good reason to believe that all of the documents were provided to J.G.B. Enterprises, Inc. ("JGB") in response to a Freedom of Information Act ("FOIA") request made in September 2002. Of the fifty pages of documents produced on January 24, 2008, six of those pages (Bates numbers 88-93) were unquestionably produced during the JGB litigation (Bates numbers 161-63, 263-64, and 426 in that litigation).

In September 2004, JGB made two FOIA requests for documents related to contracts administered by DCMC Clearwater involving Capital City Pipes, Inc. ("Capital City"). See Attachment A. In a letter to JGB dated January 14, 2003, Defense Supply Center Columbus

("DSCC") indicated that some of the requested documents were enclosed, but that some were DCMC Clearwater, not DSCC, documents and that, therefore, the request would be forwarded to DCMC's FOIA office for processing. Attachment B. In a letter to JGB dated January 28, 2003, DSCC indicated that the "final group" of responsive documents were enclosed. Attachment C. Presumably, this final group of documents included those obtained from DCMC Clearwater.[1] As explained below, the only DCMC Clearwater documents responsive to JGB's FOIA request in existence at the time of that request would have been the documents retained by Kathryn Bader. Therefore, the obvious conclusion is that the final group of documents provided to JGB in January 2003 were the documents retained by Ms. Bader that were again produced on January 24, 2008.

Since it is clear that some of the January 24, 2008 documents were produced in the JGB litigation and it is highly likely that the rest of the January 24, 2008 documents were provided in response to JGB's 2002 FOIA request, Mr. Kawa cannot justify a fourth extension of discovery and 25 additional interrogatories upon the basis that these documents are "completely new." Pl. Mot. at 1.

Mr. Kawa also requests additional time for discovery and additional interrogatories because "the new documentation raises serious issues regarding the possible destruction or suppression of evidence . . . and suggests the possibility of yet more undiscovered documentation." Pl. Mot. at 1. As Mr. Kawa stated in his motion, despite diligent search efforts, any DCMC Clearwater files related to this litigation, other than those retained by Ms. Bader,

[1] Despite a diligent search, we have been unable to locate the two sets of documents referenced in the two DSCC letters to JGB.

have not been located. We believe that these documents were disposed of pursuant to the agency's normal document retention policy and well before there was any indication that there would be litigation concerning the Capital City/JGB contracts at issue in JGB and in this litigation. Mr. Kawa only served 23 interrogatories in his initial set. Therefore, if Mr. Kawa requires additional information regarding the retention or destruction of any documents, he is free to serve an additional two interrogatories. An additional 25 interrogatories just to address this issue would be more than excessive. To the extent that Mr. Kawa is requesting an additional 25 interrogatories to address the allegedly "new" documents, such a request is unnecessary because it is highly likely that the documents were already available to Mr. Kawa, and therefore could have been addressed in previous interrogatories. Finally, as indicated by our January 24, 2008 letter quoted by Mr. Kawa, there is no possibility of "yet more undiscovered documentation," as all of DCMC Clearwater's files have been searched, and the only individual within DCMC who could have possibly retained copies of DCMC's files relevant to this litigation would be Ms. Bader.

Even assuming that all of the January 24, 2008 documents are new, the requested fourth extension of discovery and additional 25 interrogatories cannot be justified. The main reason that Mr. Kawa gives for a discovery extension was the alleged necessity of postponing Phyllis Moore's deposition to provide Mr. Kawa's counsel adequate time to review the January 24, 2008 documents. See Pl. Mot. at 3-4. As Mr. Kawa admits, there were only fifty pages of new documents contained in the January 24, 2008 production. Four business days should have been more than adequate time for Mr. Kawa's counsel to review such a small number of documents and prepare deposition questions related to them. Additionally, it is unclear how these

documents are even relevant to Ms. Moore, as virtually all of them concern communications between Capital City and DCMC Clearwater. Finally, because Ms. Moore is currently retired and will be traveling during the month of February, we offered to permit Mr. Kawa to depose her as scheduled on January 30, 2008, and to reopen the deposition at a later point in time if additional questions arose concerning the January 24, 2008 documents. Mr. Kawa's counsel refused that offer.

Even assuming the January 24, 2008 documents are new, the additional interrogatories are unnecessary because we have an obligation pursuant to Rule 26(e) of the Rules of the United States Court of Federal Claims to supplement or amend our responses as new information becomes available. Mr. Kawa's initial interrogatories are certainly broad enough to cover any topics that might arise from the January 24, 2008 documents.[2] If our responses to any of those interrogatories have changed based upon those documents, we will supplement or amend our responses accordingly.

Initially, because this case addresses issues already litigated in the JGB case, this Court gave the parties only 90 days of discovery (until October 10, 2007) and stated that "[n]o extension of this deadline will be permitted except in the most compelling circumstances." See July 10, 2007 Order. On September 7, 2007, Mr. Kawa first requested an extension of discovery to permit adequate time to take Mr. Kawa's deposition and propound written discovery. Despite the fact that discovery had already been proceeding for almost two months and no written discovery had been done, we did not oppose this motion and it was granted, resulting in an

---

[2] For example, interrogatory number 18 requested that we "[i]dentify and describe all communications between DCMC and Contracting Officer Moore regarding Michael Kawa, JGB, and/or Purchase Order 4191."

extension of discovery until December 10, 2007. On November 19, 2007, Mr. Kawa served numerous discovery requests upon us. Though these requests were untimely because they did not permit us 30 days to respond prior to the end of the discovery period, we agreed to nonetheless provide our responses after the close of discovery, on December 21, 2007. On December 10, 2007, Mr. Kawa requested a second extension of discovery in order to conduct depositions. Despite that fact that Mr. Kawa had had ample opportunity to conduct depositions during the previous five months of discovery, we did not oppose this request and it was granted, extending discovery until January 10, 2008. On December 24, 2007, Mr. Kawa requested a third extension of discovery to permit the scheduling of depositions. Though these depositions certainly could have been taken at some point between July 10, 2007 and December 24, 2007, we did not oppose Mr. Kawa's request and it was granted, extending discovery until February 10, 2007. Now, Mr. Kawa has made a fourth request for extension of discovery, asking for more than two months of additional discovery, to which we cannot consent.

## CONCLUSION

For the reasons set forth above, we respectfully request that this Court deny plaintiff's fourth motion for enlargement of time and first motion for permission to serve additional interrogatories.

Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ FRANKLIN E. WHITE, JR.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Tel: (202) 353-7978
Fax: (202) 514-8624
Washington, DC 20530

February 6, 2008

Attorneys for Defendant

# ATTACHMENT A

1ST JGB FOIA Request

✓ 03-G-0197

(4)

**Strickler, Susan (Sue) E**

**From:** jsalanger@jgbhose.com
**Sent:** Thursday, September 26, 2002 11:37 AM
**To:** FOIA
**Subject:** Your FOIA Request has been received by DSCC.

Date/ Time: 9/26/2002 11:29:06 AM

---

Email Address: jsalanger@jgbhose.com

---

Name: Jackie Salanger
Address 115 Metropolitan Drive
TelePhone Number: 315-451-2770
FAX Number: 315-451-8503
CAGE Code: 61125
Company Name: J.G.B. Enterprises, Inc.
Type of Record: SP0750-00-M-4191, SP0750-99-C-2508, SP0750-99-M-E307, SP0750-99-C-2505
Type of Request: History
Maxium Dollar amount requestor will spend:
Waiver costs explaination:Please supply a copy of any sole source rational, required by 13CFR Sec 124.502(b)(12) for contract numbers SP0750-00-M-4191, SP0750-99-C-2508, SP0750-99-M-E307 and SP0750-99-C-2505. Also, I am requesting a copy of any and all price or technical evaluations that were performed of the proposals submitted by Capital City Pipes, Inc. which resulted in contract numbers SP0750-00-M-4191, SP0750-99-C-2508, SP0750-99-M-E307 and SP0750-99-C-2505.
Additional Comments:We are willing to pay associated costs. Please advise. Thank you.

---

JGB enterprises inc.

2 D JGB FOIA Request

September 24, 2002

03-G-0046

DSCC
Freedom of Information Request
Attn: Peggy
Fax 614-692-4385

Dear Peggy:

Under the Freedom of Information Act, I am requesting the following:

1. A copy of each and every contract and modification/amendment thereto that DCMC Clearwater administered during 1998, 1999 and 2000 relative to the firm of Capital City Pipes, Inc. 1872 Mills Street, Suite F, Tallahassee, FL.

2. A copy of each and every Pre-award Survey of Capital City Pipes, Inc. that was performed during 1998, 1999 and 2000 by DCMC Clearwater.

3. A copy of any document that was prepared by or furnished to DCMC Clearwater during 1998, 1999, and 2000 that evaluated the financial management or technical capabilities of Capital City Pipes, Inc.

I understand that there may be fees associated with this request, and I agree to pay reasonable costs. Please contact me should you require any further information. Thank you.

Sincerely,

Jacqueline Salanger

M. Jacqueline Salanger
Office Manager

MJFS:s

# ATTACHMENT B

DSCC-G January 14, 2003

M. Jacqueline Salanger
JGB Enterprises, Inc.
115 Metropolitan Drive
P.O. Box 209
Liverpool, NY 13088-0209

Dear Ms. Salanger:

This is in response to your Freedom of Information Act (FOIA) request of September 24, 2002, FOIA No. 03-G-0046. In your request you have asked for a number of documents relating to contracts awarded to Capital City Pipes, Inc. and administered during 1998, 1999 and 2000 by DCMC Clearwater.

Enclosed please find a number of documents that are responsive to your request. We are in the process of searching for additional responsive documents. Once we have either located any remaining responsive documents or we determine that we have provided everything, we will issue a final response.

Please be advised that some of the requested documents are not DSCC documents, but are DCMC Clearwater documents. We have referred these portions of your request to their FOIA office for processing.

Sincerely,

Enclosures

PAMELA K. COOPER
Paralegal
DLA Office of Counsel,
Columbus Region

# ATTACHMENT C

DSCC-G January 28, 2003

M. Jacqueline Salanger
JGB Enterprises, Inc.
115 Metropolitan Drive
P.O. Box 209
Liverpool, NY 13088-0209

Dear Ms. Salanger:

This is in response to your Freedom of Information Act (FOIA) request of September 24, 2002, FOIA No. 03-G-0046. In your request you have asked for a number of documents relating to contracts awarded to Capital City Pipes, Inc. and administered during 1998, 1999 and 2000 by DCMC Clearwater.

Enclosed please find the final group of responsive documents. We have concluded our review and have provided everything that we have found that is responsive. Please note on SP0750-00-C-3001, the only document that we have found is a copy of modification P00001. We have conducted an extensive search for this file and have been unable to locate it. This is our final response to this FOIA request.

Sincerely,

PAMELA K. COOPER
Paralegal
DLA Office of Counsel,
Columbus Region

Enclosures

CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2008 a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S FOURTH MOTION FOR AN ENLARGEMENT OF TIME AND FIRST MOTION FOR PERMISSION TO SERVE ADDITIONAL INTERROGATORIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN