# In the United States Court of Federal Claims

| | |
|---|---|
| MICHAEL KAWA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-448 C<br><br>Filed May 9, 2008 |

## ORDER

Pursuant to the Court's order of March 4, 2008 (docket entry 47), the parties participated with the Court in a telephonic post-discovery status conference on Friday, May 9, 2008, in order to consider the course of future proceedings in this case. *See* Rules of the Court of Federal Claims ("RCFC"), App. A ¶ 11. At that conference, defendant stated that it is prepared to file a motion for summary judgment immediately. Plaintiff stated that he believed genuine issues of material fact exist, such that a trial is warranted. The Court concluded that there are legal issues appropriate for resolution by summary judgment, though the Court does not prejudge whether a trial may be necessary to resolve certain factual issues.

In consideration of the discussion during the status conference, the Court does hereby **ORDER** that defendant file its motion for summary judgment no later than **Friday, May 9, 2008.** The Court **FURTHER ORDERS** that plaintiff shall file its opposition to defendant's motion for summary judgment no later than **Friday, June 6, 2008.** Defendant shall file its reply no later than **Friday, June 20, 2008.** *See* RCFC 7.2(c). The parties shall participate with the Court in a telephonic status conference on **Friday, June 27, 2008 at 9:30 am.** The Court will initiate the call.

At the status conference on March 4, 2008, the Court advised the parties that if neither party filed a motion for summary judgment, then it appeared to the Court that the pretrial procedures described in paragraphs 13-17 of Appendix A could be accomplished in time to hold a pre-trial conference on July 18, 2008 and a trial starting on July 28, 2008 in Columbus, Ohio. At the status conference held May 9, 2008, counsel raised the question whether if the case were not resolved on summary judgment, the Court believed a trial date of July 28, 2008 in Columbus, Ohio, would still be feasible. The Court expressed the view that if the parties adhered to the briefing schedule set forth above, and if the Court were in a position to deny defendant's motion

for summary judgment in whole or in part on June 27, 2008, then a July 28, 2008 trial date, although optimistic, remained feasible.

**IT IS SO ORDERED**.

s/ George W. Miller
GEORGE W. MILLER
Judge