# In the United States Court of Federal Claims

| | |
|---|---|
| MICHAEL KAWA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-448 C<br><br>Filed September 10, 2008 |

## PROPOSED PRETRIAL ORDER

In accordance with the discussion during the telephonic status conference held on August 8, 2008, the Court promulgates the following Proposed Pretrial Order to govern procedures and logistics for the conduct of the trial:

1) The trial will begin at **9:30 a.m. on Monday, October 27, 2008** and continue through **Friday, October 31, 2008**. It will be held at the **National Courts Building, 717 Madison Place, N. W., Washington, D.C. 20005.**

2) Trial will commence each day at 9:30 a.m. and conclude at 5:30 p.m. There will be a one-hour luncheon recess and two 15-minute recesses, one in the morning and one in the afternoon.

3) To avoid inconveniencing witnesses whom both sides intend to call, such witnesses shall, in the absence of unforeseen circumstances, be required to testify only once. Thus, following the conclusion of defendant's cross-examination of a witness called in plaintiff's case whom defendant has also designated as a witness in its own case, defendant may elicit from such witness testimony that is outside the scope of plaintiff's direct examination. Plaintiff may then conduct its cross-examination with respect to such testimony, and defendant may conduct any redirect examination. This procedure shall not affect defendant's right to move under Rule 52(c) of the Rules of the United States Court of Federal Claims ("RCFC") at the conclusion of plaintiff's case for judgment as a matter of law.

4) The parties shall provide to the Court at the pretrial conference on **Tuesday, October 14, 2008** two copies of a list containing the following three columns: 1) the identifying

number for each exhibit, 2) a blank space for the Court to enter the name of the witness through whom the exhibit is sought to be admitted, and 3) a blank space for the Court to enter the disposition of any request to admit that exhibit.

5) The "stickered" exhibits shall be maintained by the reporter as part of the official record of the trial. *See* RCFC 80.1(f) and (i). The Court shall be provided with two copies of each exhibit proffered to a witness at trial, for use at trial by the Court and law clerk during the examination of the pertinent witnesses and thereafter.

6) Each page of any composite trial exhibit shall be separately and consecutively numbered, and shall also show the total number of pages in the exhibit. For example, the first page of a ten-page composite exhibit shall be numbered page 1 of 10.

7) Each party shall serve by personal delivery two copies of any demonstrative exhibit that it intends to use no later than 72 hours before the exhibit is used with any witness. If a demonstrative exhibit is served after business hours, it may be served by facsimile or electronic means rather than hand delivery, but the party shall hand deliver two copies of the demonstrative to opposing counsel the following morning. If a demonstrative contains color, then two color copies shall be served. This paragraph applies to demonstratives used on direct examination, but not to demonstratives used on cross-examination or on redirect examination.

8) Assuming the parties so request, the Court will exclude fact witnesses from the proceedings in accordance with Rule 615 of the Federal Rules of Evidence. Parties to the litigation who are natural persons will not be excluded. The same is true of an officer or employee of a party which is not a natural person designated as its representative by its attorney. Witnesses who are excluded are not to read transcripts of the testimony of earlier witnesses prior to their testifying; are not to be briefed on such testimony prior to their testifying; and are not to discuss their testimony with other persons who may be called to testify after they have been excused.

9) The parties shall confer in advance of the pretrial conference regarding the order of witnesses. Plaintiff shall notify the Court and counsel at the pretrial conference of the order in which he will call his witnesses, the substance of their testimony, and the anticipated duration of plaintiff's direct examination of each witness. Similarly, defendant shall state the order in which it will call its witnesses, the substance of their testimony, and the anticipated duration of defendant's direct examination of each.

10) Once a witness has been seated, counsel shall not engage in discussions with the witness relating to his or her testimony while any part of that witness's cross-examination is pending, except that counsel may seek leave of Court to have such a discussion.

11) Each side shall be allotted forty-five minutes for opening statements and a reasonable time, to be determined, for closing argument. The Court may request post-trial proposed findings of fact and conclusions of law if the Court is not prepared to rule at the close of the evidentiary phase of the trial.

The Court invites the parties to propose any deletions, additions, or modifications to the foregoing Proposed Pretrial Order during the telephonic status conference scheduled for Friday, **October 10, 2008 at 10 a.m.**

Specifically, the Court is considering setting time limits – for example, by allotting each party 14 hours to present its case at trial, including cross-examination of, and objections to the testimony of, the other party's witnesses**.** Time devoted to opening and closing arguments, argument on any motion for judgment at the conclusion of the plaintiff's case, and questions posed to witnesses by the Court would not count against the 14-hour limit. The Court is continuing to consider whether to proceed in this manner and, if so, whether the time limit should be altered. The Court expects to embody its conclusions in a further order in due course, and invites the comments and suggestions of counsel.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge