# In the United States Court of Federal Claims

No. 06-448 C
Filed June 12, 2009
NOT FOR PUBLICATION

_____
                                    )
MICHAEL KAWA,                       )
                                    )
            Plaintiff,              )
                                    )
                                    )
      v.                            )
                                    )
                                    )
THE UNITED STATES,                  )
                                    )
            Defendant.              )
                                    )
_____)

     Joseph A. Camardo, Jr., Auburn, New York, for plaintiff.

     Leslie Cayer Ohta, Trial Attorney, Franklin E. White, Jr., Assistant Director, Jeanne E. Davidson, Director, Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant.

**OPINION AND ORDER**

GEORGE W. MILLER, Judge

     This case is presently before the United States Court of Appeals for the Federal Circuit on plaintiff's appeal from this Court's judgment entered March 26, 2009.  Before this Court is plaintiff's May 7, 2009 motion under Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC") for relief from judgment (docket entry 99) ("Pl.'s Mot."), along with defendant's opposition (docket entry 100, May 21, 2009) ("Def.'s Opp.") and plaintiff's reply (docket entry

101, June 4, 2009) ("Pl.'s Reply").[1]  For the reasons set forth below, plaintiff's motion for relief from judgment is **DENIED**.

I.     Standard of Review

A motion for relief from judgment requires, as is relevant here, that the movant show either (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered;" or (3) "fraud . . . misrepresentation, or misconduct by an opposing party." RCFC 60(b). A 60(b) motion seeks "extraordinary relief entrusted to the discretion of the court" and "may be granted only in exceptional circumstances." *Yachts Am., Inc. v. United States*, 8 Cl. Ct. 278, 281 (1985).

When a movant seeks to reopen a judgment based on newly discovered evidence under Rule 60(b)(2), the movant cannot have possessed that evidence prior to trial. *JGB Enters., Inc. v. United States*, 71 Fed. Cl. 468, 473 (2006) ("To the extent plaintiff still seeks relief under RCFC 60(b)(2), plaintiff is not entitled to such relief because the MIPR Chronology Sheet was readily available to plaintiff in advance of trial, and plaintiff points to no other newly discovered evidence."). A 60(b) motion filed on the basis of documents in the possession of the movant prior to trial is not one based upon "newly discovered evidence" but is in effect seeking to reopen the judgment due to "excusable neglect" under RCFC 60(b)(1). *Id*.

When ruling on a motion pursuant to RCFC 60(b)(1) based upon excusable neglect, the court must consider: (1) whether the moving party will be prejudiced; (2) whether the moving party has a meritorious claim or defense; and (3) whether culpable conduct of the moving party led to the final judgment, order, or proceeding. *See Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed. Cir. 1993). If the relevant documents were in the movant's possession, "the touchstone for relief under an excusable neglect determination must be whether the movant satisfied its duty to make a reasonably diligent inquiry as to the existence of such documents." *Stelco Holding Co. v. United States*, 44 Fed. Cl. 703, 721 (1999).

And finally, an opponent's failure to produce documents can constitute misconduct within the meaning of Rule 60(b)(3). *Venture Industries Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322, 1331 (Fed. Cir. 2006). The discovery misconduct must "'substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.'" *Randomex, Inc. v. Scopus Corp.*, 1989 WL 75123 (Fed. Cir. 1989) (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924 (1st Cir. 1988)). "Where the misconduct relates to withheld documents, the documents themselves may constitute clear and convincing proof that no prejudice inured to the movant." *Id*. While these Federal Circuit decisions apply the law of the pertinent regional circuit, under

---

[1] On May 29, 2009, the Court of Appeals granted plaintiff's unopposed motion to stay proceedings in that court pending this Court's consideration of plaintiff's motion for relief from judgment. The Court of Appeals directed the parties to file a status report with that court in the event this Court had not acted within 45 days of its order.

any potentially applicable test, courts without exception require "proof that the alleged fraud or other misconduct prevented the moving party from fully and fairly presenting his or her case at trial."  12 MOORE'S FEDERAL PRACTICE - CIVIL § 60.43.

**II.     Analysis**

In its Opinion and Order entered March 23, 2009, the Court held, *inter alia,* that plaintiff Michael Kawa was not a third-party beneficiary of purchase order SP0750-00-M-4191 ("PO 4191").[2]  *See Kawa v. United States*, 86 Fed. Cl. 575 (2009).  Plaintiff's theory of recovery at trial was, in part, that the following events created a third-party beneficiary relationship: (1) Contracting Officer ("CO") Lu Ann Boscy inserted Mr. Kawa's name into the remittance address block of PO 4191 (believing that he was affiliated with the prime contractor, Capital City Pipes); (2) other personnel (specifically a subsequent contracting officer, Phyllis Moore) later discovered that Mr. Kawa was an escrow agent for JGB, the subcontractor and supplier of the product, and Capital City Pipes; and (3) these other personnel also learned that the escrow arrangement was an attempt to ensure that JGB would receive payment and that JGB would not have shipped the product absent Mr. Kawa's having been identified in the remittance block.  This Court rejected plaintiff's theory.  *Kawa*, 86 Fed. Cl. at 589.

Plaintiff then filed the present motion seeking relief from judgment, asserting that Mr. Jay Bernhardt, the CEO of JGB, had contacted Defense Contract Management Command Syracuse ("DCMC Syracuse"), and pursuant to that conversation a government employee had located a "Modification/Amendment A00001" ("A00001").  Plaintiff contended that CO Moore issued A00001 before the product covered by PO 4191 had been shipped and payment made, but after CO Moore and an administrative contracting officer ("ACO"), Lynne Rahtes, became aware of the problems JGB had experienced in receiving payment and Mr. Kawa's role in seeking to ensure that JGB would receive payment on PO 4191 and other contracts with respect to which Capital City Pipes was the prime contractor.  Pl.'s Mot. at 1-2.  A00001 was an amendment to PO 4191 with a signature date of February 14, 2000 (but no signature).  Ex. A to Pl.'s Mot.  The "purpose of this modification" was "to add the following: Material is to be manufactured i/a/w spec number MIL-H-27516D basic dated 77 Aug. 03, Amend Nr dtd Type Number M27516F4.0T1000."  *Id.*  Following this description, the amendment stated: "All other terms and conditions remain unchanged.  END OF MODIFICATION."  *Id.*

Plaintiff alleges that this "highly relevant and probative evidence" was withheld by the Government, contradicted the trial testimony of CO Moore and ACO Rahtes, and established the "ratification" the Court found was lacking in its prior opinion.  Pl.'s Mot. at 9-17.  Defendant responded that the Government had, in fact, produced the document, albeit in response to a Freedom of Information Act ("FOIA") request rather than in response to a discovery request.

---

[2]  The facts of the case are fully set forth in the Court's Opinion and Order of March 23, 2009.  *See Kawa v. United States*, 86 Fed. Cl. 575 (2009).  This Opinion and Order assumes familiarity with the Court's earlier decision.

3

Def.'s Opp. at 3-4 ("A00001, however, was provided to counsel for Mr. Kawa in June 2005, well before trial in October 2008."). In reply, plaintiff's counsel admits that he possessed A00001 well in advance of trial, but asserts that defendant "specifically and selectively removed" it from the documents produced during discovery, and plaintiff is therefore entitled to reopen the judgment. Pl.'s Reply at 3.

    A.    *A00001 is Not "Newly Discovered Evidence" Under 60(b)(2)*

Government counsel correctly asserts that "[e]vidence that is in the moving party's possession prior to trial may not be considered evidence that is 'newly discovered' after trial." Def.'s Opp. at 4; *see also Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1329 (Fed. Cir. 2001) (finding no abuse of discretion in denying 60(b) motion when plaintiff had constructively possessed allegedly newly discovered evidence prior to trial and could have located it with due diligence); *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1361-62 (Fed. Cir. 1999) (prior art not "newly discovered" where corporation was not diligent in attempting to locate it); *Yachts Am.*, 779 F.2d at 662 (evaluation form not "newly discovered" when plaintiff knew the business had been evaluated but did not seek to obtain a copy of the evaluation from the Government). Thus, plaintiff's protestations that the document was provided to him pursuant to the FOIA rather than in discovery are irrelevant. Pl.'s Reply at 1. A00001 is not "newly discovered evidence" within the meaning of RCFC 60(b)(2).

    B.    *The Failure of Plaintiff's Counsel to Discover That He Was in Possession of A00001 Prior to Trial is Not "Excusable Neglect"*

After judgment was entered in the related *JGB* litigation, counsel representing JGB, Joseph A. Camardo, Jr., filed a motion seeking relief from the judgment on the basis of newly discovered evidence. Ultimately, however, it became clear that Mr. Camardo had possessed the disputed document prior to and during trial. The Court found that Mr. Camardo's failure to recognize that he had the document in his possession was not "excusable neglect" within the meaning of RCFC 60(b)(1). *JGB Enters.*, 71 Fed. Cl. at 471-72.

Mr. Camardo, now representing Mr. Kawa, presently asserts that, although the Government had turned A00001 over to him in 2005 pursuant to a FOIA request, and he again failed to realize that he had obtained the document, he nonetheless acted with "due diligence" and any failure on his part was excusable neglect warranting relief under Rule 60(b). Especially in light of this history, plaintiff's argument in support of his Rule 60(b) motion does not show a "reasonably diligent inquiry as to the existence" of A00001. *Stelco Holding*, 44 Fed. Cl. at 721. Accordingly, the actions of plaintiff and his counsel do not constitute "excusable neglect" within the meaning of RCFC 60(b)(1).

### C.     *Plaintiff Had An Opportunity to Fully And Fairly Present His Case*

Plaintiff makes much of the fact that A00001, although produced in response to a request under the FOIA, was apparently not produced in discovery.  Relief from judgment based upon an opponent's misconduct requires a showing of that misconduct by "clear and convincing evidence" and further "that the misconduct substantially interfered with [plaintiff's] ability fully and fairly to prepare for, and proceed at, trial."  *Anderson*, 862 F.2d at 926; *see also id.* at 924 ("Verdicts ought not lightly to be disturbed, so it makes very good sense to require complainants to demonstrate convincingly that they have been victimized by an adversary's misconduct."). The Court fails to see how the Government prevented Mr. Camardo from using a document that he possessed prior to and during trial.  Thus, the judgment was "fairly obtained," *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978), and no relief under RCFC 60(b)(3) is warranted.  *Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir. 1982).

### D.     *A00001 is Not "Material Evidence"*

The points made above are sufficient to dispose of plaintiff's motion.   The Court also notes, however, that to justify relief from judgment, the evidence brought forward must be material.  Def.'s Opp. at 5;  *Yachts Am.*, 8 Cl. Ct. at 281 ("And the evidence may not be merely cumulative; it must be such as would alter the outcome of the case."); *Anderson*, 862 F.2d at 926 (relief not warranted when evidence is "cumulative, insignificant, or of marginal relevance," and standard is whether "the challenged behavior . . . substantially . . . interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial"); *Wilson v. Thompson*, 638 F.2d 801, 804 (5th Cir. 1981) (relief not warranted under 60(b) for merely cumulative evidence "in the absence of clear and convincing evidence of fraud").

Thus, even if plaintiff's lack of diligence were not itself sufficient to decide this motion, plaintiff would still not be entitled to relief from judgment.  A00001 cannot fairly be construed as "confer[ring] contractual rights upon Mr. Kawa" or "demonstrat[ing] acceptance" of a purported agreement between the Government and Mr. Kawa.  *Compare Kawa*, 86 Fed. Cl. at 589, *with* Pl.'s Mot. at 9-12 ("The Court's prior opinion cannot co-exist with the newly discovered Modification A00001.").  As the Government correctly observes, "alleged acceptance of the addition of the mil-spec number to the contract had nothing to do with the acceptance of Mr. Kawa as the payee" and was in no way "concerned with payment under PO 4191."  Def.'s Opp. at 8.  A00001 is silent as to an intent to benefit Mr. Kawa, whether Mr. Kawa was or was not affiliated with Capital City or JGB or both, the method and means of payment, and all other issues upon which this Court heard testimony over the course of two trials.  This silence is insufficient to demonstrate ratification of any contract with or to establish any third-party beneficiary status of Mr. Kawa under PO 4191.  *Harbert/Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1433-34 (Fed. Cir. 1988); *Doe v. United States*, 58 Fed. Cl. 479, 488 (2003); *see also Consortium Venture Corp. v. United States*, 5 Cl. Ct. 47 (1984) ("[T]he contracting officer's signing of the contract modifications discussed above and the making of partial payments were legally insufficient to ratify the contract.  The modifications do not clearly

state nor do they even hint that ratification of a previously unauthorized act was intended . . . ."). The phrase "[a]ll other terms and conditions remain unchanged" simply cannot bear the weight plaintiff seeks to place upon it, Pl.'s Reply at 7-11, and the modification itself is of marginal relevance to the issues actually decided. Thus, even if plaintiff's motion were otherwise supportable, A00001 would not warrant relief under RCFC 60(b).

## CONCLUSION

For the reasons set forth above, plaintiff's motion for relief from judgment is **DENIED**.

**IT IS SO ORDERED.**

                                            s/ George W. Miller
                                            GEORGE W. MILLER
                                                     Judge